THE STATE OF MISSOURI, Respondent, *v.* WILLIAM DONNEGAN, Appellant.

*Practice, criminal.*—Where a larceny of several articles of property is charged, the State may elect to prosecute for some and not for all.

*Practice, criminal.*—Proof at the trial of the stealing of a gelding will support an indictment for the larceny of a horse.

*Appeal from St. Louis Criminal Court.*

*Voullaire,* for respondent.

I. Evidence of stealing a gelding will support an indict-

ment for stealing a horse. (Gravely v. Ford, 2 Ld. Ray. 1209; R. C. 1855, p. 1175, § 22, & p. 1176, § 27; Hooker v. State, 4 Ohio, Ham. 348; Baldwin v. People, 1 Ill., Scam. 304.)

II. It is lawful for a circuit attorney to enter a *nolle prosequi* to a part of a count in an indictment. (1 Chit. Crim. L. 480, *n. a.*; Commonwealth v. Tuck, 20 Pick. 356, 364, &c.; Comm. v. Briggs, 7 Pick. 177; Comm. v. McMangle, 1 Mass. 516; Comm. v. Lewis, 1 Mass. 517; Rex v. Butterworth Moss et al., 1 Russ. & Ry. 520; Rex v. Hempstead, 1Russ. & Ry. 343; Anonymous, 31 Me. 592.)

*Jecko* and *Hume*, for appellant.

BATES, Judge, delivered the opinion of the court.

The defendant was indicted for stealing a horse, mare, buggy and set of harness. Before the trial, the circuit attorney announced that he would not further prosecute the indictment against the defendant so far as the same relates to the charge of the larceny of the buggy and set of harness.

We cannot see that there was any error in this prejudicial to the defendant. At the trial, evidence was given of the larceny of a gelding, and objection was made that it did not support the indictment for stealing a horse. There is no force in the objection.

Judgment affirmed. Judges Bay and Dryden concur.