## STATE *v.* GOOCH.

Opinion delivered February 2, 1895.

*Larceny of horse—Variance as to sex.*

Under a statute prescribing a punishment for "stealing any horse, mare, gelding, filly, etc.," an indictment charging the larceny of a "horse" is sustained by proof that the animal stolen was a mare.

Appeal from Franklin Circuit Court.

HUGH F. THOMASON, Judge.

*James P. Clarke*, Attorney General, for appellant.

The old doctrine laid down in 1 Moody, C. C., 160 and 247, that where a statute uses the word "horse" or "mare" or "gelding," etc., proof of stealing a mare or gelding on an indictment for stealing a horse is not sufficient, is still followed by some courts. 1 Bish. Cr. Pr. sec. 620; Bish. St. Cr. sec. 247; Whart. Cr. Ev. sec. 124; 1 Leach, 105; 2 Stew. (Ala.) 11; 3 Humph. (Tenn.) 323; 26 Kas. 237; 2 Har. (Del.) 541; 6 Blackf. 460; 18 Ala. 415; 4 Ohio, 348; 65 N. C. 539; 28 Tex. 644; 31 *id.* 571; 32 *id.* 102; 34 *id.* 135; 1 Tex. App. 448; 4 *id.* 219. But the modern doctrine is that the enumeration of the species may be rejected, and that an indictment employing the generic term is sustained by proof of any of the species. 1 Taylor, Ev. sec. 290; 2 Moody, C. C., 34; 4 Cox, C. C., 143; 6 Car. & Payne, 535; 1 C. & C., 699; 62 Cal. 50; 73 Cal. 7; 23 Tex. App. 210; 1 Wy. 376; 34 Mo. 67.

RIDDICK, J. The appellee, Charlie Gooch, was indicted for larceny by the grand jury of Franklin county. The indictment alleged that he stole a horse, the property of E. A. Hollenbeck. It was proved on the trial that the animal taken by Gooch was a mare, and the court held that, the defendant having been charged in the indictment with stealing a horse, he could not be convicted by proof showing that he stole a mare. A verdict of acquittal was rendered, and the case was appealed on behalf of the State, that this court may determine whether the ruling of the circuit court was correct or not.

Our statute is as follows: " Whoever shall be convicted of stealing any horse, mare, gelding, filly, foal, mule, ass or jenny shall be imprisoned at hard labor in

the penitentiary not less than five nor more than fifteen years." Sand. & H. Dig., sec. 1701.

There are cases which hold, under statutes similar to this one, that a defendant charged with stealing a horse cannot be convicted by proof that he stole a mare or gelding. The doctrine of these cases is that, inasmuch as the statute mentions not only "horse," but also "mare" and "gelding," therefore the one really meant should be stated. This was at one time the rule in England. *Rex* v. *Puddifoot*, 1 Moody, 247. But the modern cases there hold, to the contrary, that the word "horse" is a generic term, and includes both "mare" and "gelding," and that a charge of stealing a horse is supported by proof that either a stallion, mare, or gelding was stolen. *Rex* v. *Aldridge*, 4 Cox, C. C. 143. This modern rule, which Mr. Bishop denominates "the rule of reason," is thus stated by Taylor in his work on Evidence: "With respect to the description of animals, the stealing of which is made a statutable offense, it would seem to be sufficient to use the generic term which includes the whole species, even though the act should employ more specific language." 1 Taylor, Evidence, sec. 290. The weight of modern authority, as well as reason, seems to be in favor of the rule thus stated, and under it the word "horse," in a statute like ours, is to be taken in its generic sense, and includes a mare. 1 Bish. Crim. Pro. sec. 620; Bish. Statutory Crimes, sec. 247; *Rex* v. *Aldridge*, 4 Cox, C. C. 143; *People* v. *Pico*, 62 Cal. 50; *People* v. *Monteith*, 73 Cal. 7; *State* v. *Donnegan*, 34 Mo. 67.

We therefore conclude that the circuit court erred in its ruling above mentioned; but, as the acquittal of the defendant in this case operates as a bar to a further prosecution, the judgment cannot be reversed.