## STATE v. HALLER.

### Opinion delivered June 21, 1915.

LARCENY—ANIMAL—DESCRIPTION.—An indictment charged defendant with stealing "one cow (bull), the personal property of * * *." *Held,* there was no variance between the indictment and proof where the proof showed that a "bull" was the subject of the larceny, that the word "bull" used parenthetically in the indictment, qualified and explained the meaning of the word "cow," and shows that it was intended as a generic term; the indictment was sufficiently clear to indicate a male animal of the kind described, and the proof therefore conformed to the allegations of the indictment.

Appeal from Arkansas Circuit Court, Southern District; *John L. Ingram,* Special Judge; error declared.

*Wm. L. Moose,, Attorney General,* and *Jno. P. Streepey,* Assistant Attorney General, for appellant; *J. B. Reed,* Prosecuting Attorney, and *Carmichael, Brooks, Powers & Rector,* of counsel.

1. This appeal is prosecuted to settle the law. Is there fatal variance between the allegation in the indictment and the proof? We think not. Our statutes are very liberal and provide that no indictment is sufficient, nor is the judgment, etc., affected by any defect not prejudicial to the substantial rights of the defendant. Kirby's Dig., § 2229. An indictment is sufficient if it states the offense in ordinary and concise language, so as to enable a person of common understanding to know what is intended. *Ib.,* § § 2241-2-3. The word "cow" often includes other members of the same species. 49 Cal. 67; 55 Ala. 150; 39 Ala. 365; 31 Minn. 541; 16 Kans. 293; 11 Gray; 211; 10 Ver. 433; 40 *Id.* 641; 7 Iredell 210; 17 S. W. 745. These decisions show that "cow" is a generic term. See also 34 Ark. 160, and 60 *Id.* 218.

2. The word "bull" in parenthesis qualifies the meaning of the sentence which precedes it. 3 C. C. A. 440; 94 Ark. 400. The indictment charged the larceny of a male cow, or a male of the cow family.

No brief filed for appellee.

McCULLOCH, C. J. The defendants were tried under an indictment charging the crime of larceny in the following words: "The said E. C. Haller, L. C. Haller and Emmett McGraw, in the district, county and State aforesaid, on the 20th day of August, A. D. 1913, one cow (bull), the personal property of E. B. Lafargue and Loyd Lafargue, did unlawfully and feloniously steal, take and carry away against the peace and dignity of the State of Arkansas."

On the trial of the case the proof adduced by the State tended to show that the defendants stole a bull, the property of the parties named in the indictment, and the court gave a peremptory instruction in favor of the de-

fendants on the ground that there was a fatal variance between the allegation and the proof concerning the description of the property. A verdict was rendered in defendants' favor, pursuant to the instruction of the court, and the State has appealed from the judgment rendered upon the verdict.

The pleader evidently intended to make use of a generic term in writing the word cow, and it is so understood colloquially, for, as mentioned in the brief, we often hear the word "cow-pony" or "cow doctor" or "cow-man" or "cow-puncher" used as having reference to cattle, meaning it as a generic term. Strictly speaking it is not so, for *Bos* is the generic word denoting animals of that kind. Either ox or cattle is also generic. But the word cow is, as before stated, used colloquially as a generic term, and it is evident that the pleader in this case intended it in that sense. That is made manifest when the parenthetical qualifying word "bull" is considered, and the use of that word evidently was intended to specify the male of the species. When both words are considered, and the way in which they are used, there can be no mistaking the meaning of the pleader, and proof of the stealing of a bull accorded with the allegation of the indictment. The word "bull," used parenthetically, as it was in this indictment, qualified and explained the meaning of the other word and shows it was intended as a generic term.

Our statute provides that an indictment shall be sufficient if "the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case" (Kirby's Digest, § 2228); and if the allegations relate the facts constituting the offense "in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." (Kirby's Digest, § 2243).

The liberality of our code of criminal practice is illustrated in the decision of this court in *State* v. *Gooch*, 60 Ark. 218, and we think according to the liberal rule laid down in that case the indictment was sufficiently

clear to indicate an animal of that kind of the male spe-
cies, and that the proof in this case conformed to the alle-
gations of the indictment.

The acquittal of the defendants operates as a bar to
any further prosecution, but the error of the trial court
is hereby declared.