(No.1977.   January 21, 1918.)

## SCARBROUGH v. WOOTEN.

### SYLLABUS BY THE COURT.

1.   It was the evident intention of the Legislature to incorporate in the codification of 1915 only laws of a general and permanent nature.                              P. 618

2.   A "general law" is one which relates to a subject of a general nature, or that affects all of the people of the state, or all of a particular class.                              P. 619

3.   A statute relating to persons or things as a class is a general law; one relating to particular persons or things of a class is special.                              P. 619

4.   The prohibition contained in section 24 of article 4 of the Constitution in the matter of local or special laws regulating precinct affairs has reference to such affairs as concern precincts in their governmental or corporate capacity, with which chapter 94, Laws 1909, is not concerned.
P. 619

5.   The constitutional provision that in every case where a general law can be made applicable no special law shall

be enacted leaves a discretion with the Legislature to determine the cases in which special laws should be passed.
P. 620

6. Held, that chapter 94, Laws of 1909, is a special act, but one not within the inhibition of the Constitution (section 24, art. 4) because a general act could not be made applicable.                                      P. 620

7. Chapter 94, Laws 1909, prohibits trespass by livestock and subjects owners to liability for damages without regard to whether trespass was willful.                    P. 622

8. Hill v. Winkler, 21 N. M. 5, 151 Pac. 1014, distinguished.
P. 622

Appeal from District Court, Quay County; T. D. Leib, Judge.

Action by J. M. Scarbrough against J. E. Wooten. From a judgment of the district court affirming a judgment of justic court for plaintiff, defendant appeals. Affirmed.

R. A. Prentice, of Tucumcari, for appellant.

No damages can be recovered for trespass by animals running at large. Hill v. Winkler, 21 N. M. 5 Par. 39 Code 1915.

Fact that stock is in charge of herder is no evidence that trespass is willful. 81 Am. St. R. 451.

Chapter 94, Laws 1909 is unconstitutional because local and special eglislation. State v. A. T. & S. F. Ry Co. 20 N. M. 562.

J. D. Cutlip, of Tucumcari, for appellee.

Chapter 94 L. 1909, is constitutional. 8 Cyc. 751; Nevada School Dist. v. Shoecraft, 26 Pac. 211; 36 Cyc. 989; King v. Portland, 2 Oreg. 146; Cline v. Greenwood, 10 Oreg. 230; Lewis-Stat. Const. 135; Hays v. Terr. 5 Pac. 927; Cox v. State, 8 Tex. App. 254; People v. Newburgh, etc. Co. 86 N. Y. 1; Cardova v. State, 6

Tex. App. 207; State v. Corson, 50 Atl. 780; Williams v. People, 24 N. Y. 405; Light v. U. S. 55 Law. Ed. 570.

### STATEMENT OF FACTS.

This was an action for the recovery of damages alleged to have been done to the lands of the appellee by the grazing of sheep belonging to the appellant. The action was instituted in the justice court of precinct No. 20 of Quay county, N. M., under the provisions of chapter 94, Laws of 1909. The trial in the justice of the peace court resulted in a judgment for appellee of $15 and costs, and on appeal to the district court a judgment for the same amount, with costs, was duly entered, from which judgment this appeal was taken.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). The right of the plaintiff in the district court to recover, and his right to sustain the judgment there given, depend upon whether or not chapter 94 of the Session Laws of 1909, which is not included in the codification of 1915, was repealed by the repealing clause of the codification, and therefore no longer in effect. The repealing clause, so far as it is necessary to make reference thereto, is as follows:

"All acts and parts of acts of a general and permanent nature, not contained in this codification, are hereby repealed," etc. Code 1915, p. 1665.

If chapter 94, Laws 1909, be an act of a "general and permanent nature," there can, of course, be no doubt that it was repealed by not being included in the codification of 1915. The act provided for a herd law in the counties of Quay and Roosevelt and that portion of the county of Guadalupe lying east of the Pecos and Gallinas rivers. It provided that the inhabitants of any precinct in the counties or portion thereof referred to might prohibit the running at large of cattle, horses, etc., within every such precinct in the manner therein provided.

[1] The Legislature in the repealing and saving clause of the codification evidently used the words

"acts of a general or permanent nature" in contradistinction to the designation "local or special laws" as used in the Constitution. It was the evident intention of the Legislature to incorporate in the codification of 1915 only laws of a general and permanent nature, doubtless for the reason that the local or special laws, not being of interest to the entire public, might well be omitted from the codification. If the act of 1909 be not of a general or permanent nature, the question arises as to whether it is a local or special law, which the Legislature is prohibited from passing, or whether it is a local or special law applying to conditions where a general law can be made applicable, and therefore within the inhibition of the Constitution.

[2-3] This court defined a general law in the case of State v. A., T. & S. F. Ry Co., 20 N. M. 562, 151 Pac. 305, in the following language:

"A 'general law' is one that relates to a subject of a general nature, or that affects all of the people of the state, or all of a particular class."

As was pointed out in the case last referred to, a law may be general and yet be intended to operate on a limited number of persons or things or within a limited territory, and in so far as this is true, the law thereby assumes characteristics usually associated with local or special legislation. We pointed out a test for a determination of whether or not a law was general, although limited in its application to persons or things, and that test is usually referred to as classification. As was stated in our earlier opinion:

"A statute relating to persons or things as a class is a general law; one relating to particular persons or things of a class is special"—quoting from Lewis' Sutherland, Stat. Const. 195.

[4] Applying these principles to the case at bar, it becomes evident that the act of 1909, is not a general law. There was no attempt at classification in the act in question and it is doubtful whether any intelligent scheme for classification could have been evolved which would apply to the purposes of the act. There-

fore the act must be considered and treated as a local or special law. It is not necessarily in violation of the constitutional provision, however. The Legislature is prohibited from passing local or special laws in certain enumerated cases, with only one of which we are now concerned, viz. regulating county, precinct, or district affairs. It is our opinion that the act of 1909 does not attempt to regulate county, precinct, or district affairs.

In the case of Hankins v. Mayor, 64 N. Y. 18-22, it was held that county affairs are those relating to the county in its organic and corporate capacity and included within its governmental or corporate powers. Likewise in the case of Morrison v. Bachert, 112 Pa. 322, 5 Atl. 739, it was held that the affairs of counties are such as concern counties in their governmental or corporate capacity. Both of these cases had to do with a constitutional provision similar to that of ours, and by analogy the regulation of precinct affairs would have to do with such as concern precincts in their governmental or corporate capacity. We therefore conclude that the prohibition contained in section 24 art. 4, of the Constitution, in the matter of local or special laws regulating precinct affairs has reference to such affairs as concern precincts in their governmental or corporate capacity, with which chapter 94, Laws 1909, is not concerned.

[5-6] The Legislature is further enjoined from passing special laws where a general law can be made applicable. The difficulty of making a general law applicable to the subject of the act of 1909 is quite evident to even a casual observer. The Legislature in the enactment of the statute in question sought to provide a means for the protection of agricultural interests in a section of the state where such interest was becoming a predominant one, at least as compared with the grazing interests, which have so long been of paramount importance in the greater portion of the state. Areas of the state which formerly were devoted exclusively to grazing are now being taken up by settlers, and the condition in this respect is a

changing one, for which reason any general statute would probably not adequately provide. Furthermore, the Legislature evidently considered that it was not fair at all times to leave the matter to a vote of the people, for the reason that a few persons engaged in agriculture in some sections of the state might outnumber those engaged in the raising of live stock, although the live stock industry might be of far greater importance by reason of its larger returns. The territorial Supreme Court recognized this phase of the matter in the case of Sears v. Fewson, 15 N. M. 132, 103 Pac. 268, in which case the so-called "Lincoln County Fence Law" was sustained and declared not invalid as a special law in contravention of the act of Congress commonly known as the "Springer Act," which limited the Legislature as does the constitutional provision under consideration. The territorial Supreme Court evidently considered the Lincoln County Fence Law a special or local act, which the Legislature had power to pass because a general act could not be made applicable to the condition. In this connection our territorial court said:

"It was in the power of the Legislature to make special laws appropriate to those differing conditions, and its judgment is final"—citing Guthrie Nat. Bank v. Guthrie, 173 U. S. 528, 19 Sup. Ct. 513, 43 L. Ed. 796, and other authorities.

In State v. Hitchcock, 1 Kan. 184, 81 Am. Dec. 503, it was held that the constitutional provision that, "in all cases where a general law can be made applicable, no special law shall be enacted" left a discretion with the Legislature to determine the cases in which special laws should be passed. Numerous other authorities to the same effect are collected in a note to the text of Cooley on Con. Lim. (7th Ed.) p. 181. See, also, Territory ex rel. Curran et al. v. Gutierrez, 12 N. M. 254, 78 Pac. 139.

We conclude that chapter 94, Laws of 1909, is a special act, but one not within the inhibition of the Constitution (section 24, art. 4), because a general act could not be made applicable.

It is further contended by appellant that at no time were the sheep, which were in the care of a herder, driven upon the lands alleged to have been trespassed upon, but that they merely drifted upon the lands from adjoining public lands, and that, after appellant was notified to keep his sheep off appellee's land, he did so.

[7] The gist of this contention is that the facts disclosed by the evidence in the case do not show that there was any willful or deliberate trespass. That question, however, is not material. The act prohibits the running at large of live stock in those precincts which have adopted a herd law, and whether or not the trespass was willful is not material, except as affecting the amount of damages. Chapter 94, Laws 1909, prohibits trespass by live stock, and subjects owners to liability for damages without regard to whether the trespass was willful.

[8] Appellant also argues that this court held in the case of Hill v. Winkler, 21 N. M. 5, 151 Pac. 1014, that:

"During the progress of the settlement of the newer parts of the country the rule that the owner of domestic animals should keep them confined within his own grounds, and should be liable for their trespasses upon uninclosed land of his neighbor, has nowhere prevailed; but, on the contrary, his right to permit them, when not dangerous, to run at large, without responsibility for their getting upon such land of his neighbor, has been universally conceded."

This court did so hold, and appellant would apparently argue that, because of this holding, the statute of 1909 is without force and effect; but, as pointed out in the opinion in the Hill Case, the rule is not without its exception or limitations. If the Legislature had authority to pass the herd law—and we have determined that this law is a valid act of the Legislature—by its passage the Legislature has limited the general rule referred to so far as the act of 1909 has application, and there is nothing inconsistent between our holding in the case of Hill v. Winkler, supra, and our conclusions at which we have arrived here.

For the reasons stated, the judgment of the trial court is affirmed; and it is so ordered.

PARKER and ROBERTS, JJ., concur.