PERKINS *v.* STATE.

Opinion delivered January 26, 1931.

*J. M. Shinn* and *W. F. Reeves,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

SMITH, J. Appellant was convicted under an indictment charging him with the crime of grand larceny, and he seeks by this appeal only to question the sufficiency of the indictment under which he was tried. The indictment alleges that he stole "two animals of the cattle kind, the property of Cratus Sterlin." The property alleged to have been stolen was not otherwise described, and it is earnestly insisted that this description is insufficient, for the reason that, if defendant were again tried for the larceny of these animals under a more particular and sufficiently definite description he could not plead the conviction under this indictment as a bar to that prosecution, for the reason that the indictment describes nothing definitely. It is also insisted that the description of the property alleged to have been stolen is too vague and indefinite for defendant to properly prepare his defense.

We are cited to the definition of the word "cattle" appearing in Webster's New International Dictionary,

which reads: "Collectively, live animals held for property or raised for some use, now usually confined to quadrupeds of the bovine family, but sometimes including all domestic quadrupeds, as sheep, goats, horses, mules, asses and swine. Also, formerly, rarely used as a singular for beast, ox."

We are cited also to other definitions of the word "cattle," which include all domestic quadrupeds, as sheep, goats, horses, mules, asses, and swine, but such is not the meaning of the word "cattle" as employed in our statute on the subject of the larceny of cattle. It reads as follows: "Every person who shall mark, steal or kill, or wound, with intent to steal, any kind of cattle, pigs, hogs, sheep, or goats, shall be guilty of a felony, and, upon conviction thereof, be imprisoned at hard labor in the penitentiary for any time not less than one year nor more than five years." Section 2490, C. & M. Digest.

We have a statute on the subject of the larceny of horses, etc., which reads as follows: "Whoever shall be convicted of stealing any horse, mare, gelding, filly, foal, mule, ass or jennet shall be imprisoned in the State Penitentiary not less than one nor more than fifteen years." Section 2491, C. & M. Digest.

The word "cattle" could not, therefore, be said to include horses, mules, etc., within the meaning of our statute, for the reason that a different and a higher punishment is prescribed for the larceny of the latter than is prescribed for the larceny of the former. The word "cattle," as it appears in § 2490, does not include pigs, hogs, sheep or goats, for those animals are separately named as the subjects of larceny, made felonies, without regard to value, after the word "cattle" has been employed. We are therefore of the opinion that the word "cattle," as appearing in § 2490, C. & M. Digest, means animals of the bovine species.

In the case of *State* v. *Esser*, 42 Nev. 218, 174 Pac. 1023, the defendant was charged with the crime of grand

larceny, alleged to have been committed by stealing nine head of cattle, the property of another person. In an opinion which held the indictment sufficient, the Supreme Court of Nevada construed the word ''cattle,'' appearing in the grand larceny statute of that State, to embrace cows, bulls, and steers of the domesticated bovine genus. After a review of a number of cases, the court held that the word ''cattle'' as generally used in the Western States, means neat cattle, straight-backed, domesticated animals of the bovine genus, regardless of sex, and includes cows, bulls and steers, but not horses, mares, geldings, colts, mules, jacks or jennies, goats, hogs, sheep, shoats, or pigs.

In the case of *State* v. *DeWitt*, 152 Mo. 814, 53 S. W. 429, the Supreme Court of Missouri held an indictment sufficient charging the taking of ''two head of neat cattle,'' as being in the language of the statute.

In the case of *Bell* v. *State*, 175 Ark. 1169, 1 S. W. (2d series) 1006, we held an indictment sufficient which charged the larceny of ''one certain 'yearling,' the property of Joe Allen,'' and in so holding we said that ''in common parlance, or in the vernacular of this State, we know that the word 'yearling' refers to an animal of the cow kind one year old, or in the second year of its age.'' See also, *State* v. *Haller,* 119 Ark. 503, 177 S. W. 1138; *State* v. *Gooch,* 60 Ark. 218, 29 S. W. 640.

The indictment in the instant case is in the language of the statute, and we hold is sufficient to charge the larceny of two animals of the bovine genus, and therefore sufficient, and, as no other question is raised, the judgment is affirmed.