149 P.2d 124

**STATE v. MARTINEZ et al.**

No. 4818.

Supreme Court of New Mexico.

May 17, 1944.

Edward P. Chase, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellant.

George A. Shipley, of Alamogordo, for appellees.

BRICE, Justice.

The question is whether Sec. 61-1008 (d), 1941 Comp., is constitutional. That sub-section is as follows:

"It shall be a violation of this act for any citizen and resident of the state of New Mexico to bring into this state, for the purpose of private use or consumption more than one (1) pint of alcoholic liquor within any thirty (30) day period."

Appellees were charged by information with having violated the above statute. They moved to quash the information upon the following grounds:

"Said sub-section is void for the reason that it violates the 14th Amendment to the Constitution of the United States, which provides that 'No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

"The said sub-section violates Section 18 of Article 2 of the Constitution of the State of New Mexico in that it denies to residents and citizens of the State of New Mexico equal protection of the laws.

"The said sub-section constitutes class legislation and is not based upon any reasonable, fair or just classification, and discriminates against residents and citizens of New Mexico as a class, in favor of non-residents of this state."

The trial court held:

"That sub-section (d) of Section 61-1008 of the New Mexico Statutes Annotated of the 1941 Compilation, the same being a part of Section 1001 of Chapter 236 of the Laws of 1939, violates the 14th Amendment to the Constitution of the United States and violates Section 18 of Article 2 of the Constitution of the State of New Mexico and is therefore void."

From an order of dismissal the State appeals. There will be involved in this discussion the following statutes:

61-1007. "(a) It shall be unlawful for any person on his own behalf or as the agent of another person, except a licensed New Mexico wholesaler, rectifier, or the agent of either, directly or indirectly to sell, or offer for sale, for shipment into the state

of New Mexico, or ship into the state of New Mexico any alcoholic liquors unless such person or his principals shall have secured a nonresident license as provided in section 707 [§ 61-521] of this act.

"(b) It shall be a violation of this act to deliver any alcoholic liquors transported into the state of New Mexico unless such delivery is made in accordance with article 10 [§ 61-1008] of this act."

61-1008. "(a) It shall be a violation of this act for any registered common carrier to deliver any shipment of alcoholic liquors from another state to any person in the state of New Mexico, without receiving, at the time of delivery to such person, a permit issued by the division covering the quantity and class of liquor to be delivered, and said shipment so delivered is required to have been transported from the shipper designated in the permit to the consignee therein designated and from the point of origin to the destination, both, designated in said permit.

"(b) It shall be a violation of this act for any person other than a registered common carrier to transport from another state, and deliver in this state, any alcoholic liquor unless such person has in his possession on entering the state of New Mexico a permit from the division for the quantity and class of liquor to be delivered, and designating the name of the shipper and consignee, and the point of origin and destination of such liquor.

"(c) It shall be a violation of this act for any person to transport alcoholic liquors out of the state of New Mexico without proper excise stamps affixed to the cases and containers thereof as required by article 9 [§§ 61-701–61-713] of this act unless the shipment is accompanied by a permit issued by the division for the exact quantity and class so transported showing the consignee's federal and state license numbers and the point of origin and destination of such alcoholic liquors.

"(d) It shall be a violation of this act for any citizen and resident of the state of New Mexico to bring into this state, for the purpose of private use or consumption more than one (1) pint of alcoholic liquor within any thirty (30) day period."

Appellees assert that the statute in question denies to residents and citizens the equal protection of the law, in that non-residents and non-citizens of this state are not prohibited from bringing into the state any quantity of intoxicating liquor. The State counters, and forcefully argues that this statute is an exception in favor of residents and citizens; that it is made unlawful by Sec. 61-1007, supra, for any person to *ship* into the State of New Mexico any alcoholic liquors "unless such person or his principals shall have secured a nonresident license"; that *"to ship"* is synonymous with *"to bring"*; therefore, it is asserted, no non-resident can "bring" any intoxicating liquor into the state, etc.

■ Unless the contrary appears, statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributable to them. Farmers' Development Co. v. Rayado Land & Irrigation Co., 28 N.M. 357, 213 P. 202; De Ganay v. Lederer, 250 U.S. 376, 39 S.Ct. 524, 63 L.Ed. 1042. .

■ Ordinarily the word "ship" means to deliver to a carrier for transportation. State v. Bayer, 93 Ohio St. 72, 112 N.E. 197; Chicago, R. I. & P. Ry. Co. v. Petroleum Refin. Co., D.C.Ky., 39 F.2d 629; Arnold v. United States, 8 Cir., 115 F.2d 523.

"To ship and deliver property means a change of custody. There was no shipment and no change of custody of this liquor. The owner was simply carrying his own liquor; he was neither shipping nor delivering it. The carriage of one's own liquor, that he had purchased and had in the state before the prohibition act of 1915 went into effect, from one point to another within the state, for his own private use, is neither a shipment nor a delivery." Noble et al. v. People, 67 Colo. 429, 180 P. 562, 563.

"The words 'shipment' and 'shipped' are now used, indifferently, to express the idea of goods delivered to carriers for the purpose of being transported from one place to another, over land as well as water." Leden v. Havemeyer, 121 N.Y. 179, 24 N. E. 297, 299, 8 L.R.A. 245.

■ The section of the statute (61-1007) upon which the Attorney General relies, does not prohibit the bringing of alcoholic liquors into the state by one for his personal use. The word "ship" has a definite meaning, and there is nothing in the context to indicate that it was used in any other sense than that of a delivery by a consignor to a carrier to be delivered at its destination to a consignee.

Sec. 61-1008(a) has reference solely to common carriers, and Sec. 61-1008(b) to the transportation of liquor by any person other than a common carrier, delivered to him by a consignor (shipper) to be delivered by the carrier to a consignee within the state. Subsection (c) of the same section has reference to transporting liquor out of the state.

We are of the opinion that none of these statutes prohibits the bringing of intoxicating liquor into the state by any person for his personal use.

The statute in question, Sec. 61-1008(d), prohibits a resident or citizen from bringing into the state for private use or consumption more than one pint of alcoholic liquor in any thirty-day period; whereas, there is no prohibition against a non-resident or non-citizen from bringing into the state any quantity of liquor for the same purpose. We are asked to determine whether this discrimination denies to residents and citizens the equal protection of the laws.

The purpose of the statute requiring residents and citizens of the state to purchase their liquor for personal use from retailers within the state, apparently is to favor local dealers with a monopoly in their business. Incidentally it has the effect of increasing the state's revenue from this business. It does not curtail the consumption of liquor within the state, or affect the morals and welfare of its citizens. It practically confines the residents and citizens of the state to purchasing in the local market, whereby they must pay local taxes, while non-residents and non-citizens are exempt from both.

It is well, no doubt, to observe the command to treat the stranger within our gates with courtesy and consideration, and even love him as ourselves (Lev. 19-34); but discrimination favorable to him in the laws should rest upon some real and substantial distinction, rather than an arbitrary and unreasonable one that we find inheres in this statute; for we are likewise commanded to have "one manner of law, as well for the stranger, as for one of your own country" (Lev. 24–22). Davy v. McNeill, 31 N.M. 7, 240 P. 482.

Sec. 1008(d) of Comp.1941 violates Sec. 18 of Article 2 of this state's constitution, in that it deprives the appellees of the equal protection of the laws.

The judgment of the district court should be affirmed, and it is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and THREET, JJ., concur.