458 P.2d 89

**MICHAEL J. MALOOF & CO. et al.,**
**Plaintiffs-Appellants,**

v.

**BUREAU OF REVENUE of the State of New Mexico and Charles A. Brunacini, Commissioner of Revenue of the State of New Mexico, Defendants-Appellees.**

No. 8750.

Supreme Court of New Mexico.

Aug. 11, 1969.

Zinn & Donnell, Sante Fe, for plaintiffs-appellants.

James A. Maloney, Atty. Gen., Gary O. O'Dowd, Deputy Atty. Gen., Larry N. Smith, Asst. Atty. Gen., Sante Fe, for defendants-appellees.

OPINION

WATSON, Justice.

Prior to April 1, 1963, § 72–16–4.4, N.M. S.A.1953, of the New Mexico Emergency School Tax required a tax of one-eighth of one per cent of the gross receipts of the business of every person engaged in the business of wholesale merchandising of any goods, wares, materials, and commodities, including the sale of alcohol and alcoholic liquors and beverages, and natural or artificial gas and electricity. After that date, because of amendment by the Legislature (ch. 325, § 13, N.M.S.L.1963), a tax of one-half of one per cent was required, but only upon the gross receipts of wholesalers of alcoholic liquors and beverages.

After this change the plaintiffs herein paid the tax under protest and each brought action against the Bureau of Revenue claiming refunds. The suits brought pursuant to § 72–16–28, N.M.S.A.1953 (since repealed by ch. 248, § 84, N.M.S.L.1965) were consolidated for the trial and tried without a jury. Four of the plaintiffs included in their protested payment one-half of one per cent on sales of non-alcoholic merchandise. Judgment was entered for the return of this money, but against all of the plaintiffs for the moneys paid on the gross receipts of the sales of alcoholic beverages. An order consolidating all cases for this appeal was entered.

The sole question presented here is whether § 72–16–4.4, supra, as amended by

ch. 325, § 13, N.M.S.L.1963 (since repealed), violates plaintiffs' rights under the Fourteenth Amendment to the Constitution of the United States and § 18, Article II of the Constitution of New Mexico because of discriminatory, arbitrary, and unreasonable distinction between wholesalers in the liquor business and wholesalers of other commodities.

Appellant relies upon the following New Mexico cases: Safeway Stores v. Vigil, 40 N.M. 190, 57 P.2d 287 (1936), where an attempt to discriminate on sales tax between retailers selling in small parcels and other retailers was held to be unconstitutional; State v. Pate, 47 N.M. 182, 138 P.2d 1006 (1943), where an attempt to require an automobile license from non-residents "gainfully employed" in New Mexico was held discriminatory as to other non-residents; State v. Sunset Ditch Co., 48 N.M. 17, 145 P.2d 219 (1944), where the law providing that corporations organized under territorial laws would be dissolved for failure to file annual reports, but containing no such requirements for corporations organized under the state law, was held unconstitutional; State v. Martinez, 48 N.M. 232, 149 P.2d 124, 155 A.L.R. 811 (1944), where an act prohibiting citizens and residents of New Mexico from bringing more than one pint of liquor into the state was held discriminatory as to residents and citizens of this state; Burch v. Foy, 62 N.M. 219, 308 P.2d 199 (1957), where the Wage and Hour Act which set a minimum hourly wage of 75 cents for variety store employees was held discriminatory as against drug store employees who were paid 50 cents per hour for substantially the same service; and Community Public Service Co. v. New Mexico Public Service Commission, 76 N.M. 314, 414 P.2d 675 (1966), where the law involving regulation of service rates was held discriminatory between regular and co-operative public utilities.

In addition, appellant calls our attention to cases decided by the Supreme Court of the United States, to courts of other jurisdictions, and to Thompson v. Shapiro, 270 F.Supp. 331 (D.C.Conn.1967), since decided by the Supreme Court of the United States, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600, April 21, 1969. There, state laws denying welfare assistance until residence had been established were held to violate the Fourteenth Amendment to the United States Constitution.

Only Safeway Stores v. Vigil, supra, involved classification for the purpose of a tax for revenue. In distinguishing Safeway Stores, supra, this court stated in Gruschus v. Bureau of Revenue, 74 N.M. 775, 399 P.2d 105 (1965):

> "Equal protection does not prohibit classification for legislative purposes, provided that there is a rational and natural basis therefor, that it is based on substantial difference between those to whom it does and those to whom it does not apply, and that it is so framed as to embrace equally all who may be in like circumstances and situations."

In the field of taxation, more than in other fields, the legislature possesses the greatest freedom in classification, and to attack such as a violation of the Fourteenth Amendment places the burden on the one attacking to negative every conceivable basis which might support the classification. Madden v. Kentucky, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940).

Unless the classification is clearly arbitrary and capricious or void for uncertainty, as in Safeway Stores, supra, we cannot substitute our views in selecting and classifying for those of the legislature. Romero v. Tilton, 78 N.M. 696, 437 P.2d 157 (Ct.App.1967), cert. denied January 31, 1968. We note only a few of the cases which convince us that the classification here is reasonable: Lougee v. New Mexico Bureau of Revenue Commissioner, 42 N.M. 115, 76 P.2d 6 (1937); Amarillo-Pecos Valley Truck Lines v. Gallegos, 44 N.M. 120, 99 P.2d 447 (1940); Edmunds v. Bureau of Revenue, 64 N.M. 454, 330 P.2d

131 (1958); Great Atlantic & Pacific Tea Co. v. Grosjean, 301 U.S. 412, 57 S.Ct. 772, 81 L.Ed. 1193, 112 A.L.R. 293 (1937); Southwestern Oil Co. v. Texas, 217 U.S. 114, 30 S.Ct. 496, 54 L.Ed. 688 (1910). In Sunset Package Store, Inc. v. City of Carlsbad, 79 N.M. 260, 442 P.2d 572 (1968), we upheld the classification between retailers, dispensers, and clubs for a difference in amount for the annual license fee.

The plaintiffs themselves must recognize that in some respects they are in a different class from wholesalers of other commodities. In this state, retailers of liquor can buy from them only (§ 46–10–9, N.M. S.A.1953), and only they, as licensed wholesalers, can sell their merchandise (liquor) to others for resale (§ 46–5–8, N.M.S.A.1953). They are afforded some statutory protection in collecting their bills, as a liquor license cannot be transferred until transferor's creditors have been paid or satisfied (§ 46–5–15, N.M.S.A.1953). See State ex rel. Clinton Realty Co. v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967). Non-resident wholesalers of liquor must be licensed; they cannot sell to retailers, dispensers, clubs, or consumers (§ 46–5–21, subd. B, N.M.S.A.1953). We know of no such advantages afforded wholesalers of other merchandise or restraints on their non-resident competitors.

We cannot say that the legislature's motives for the amendment of § 72–16–4.4, supra, effected by ch. 325, § 13, supra, were not founded upon pertinent and real differences between liquor wholesalers and other wholesalers in order to achieve permissible ends.

In Southwestern Oil Co. v. Texas, supra, the Supreme Court held that subjecting wholesalers of coal oil, naphtha, benzine and other mineral oils to a tax of two per cent of their gross receipts was not unconstitutional because wholesalers of such products as sugar, bacon, coal, and iron were exempt. There the court said:

"It is sufficient for the disposition of this case to say that, except as restrained by its own constitution or by the Constitution of the United States, the state of Texas, by its Legislature, has full power to prescribe any system of taxation which, in its judgment, is best or necessary for its people and government; that, so far as the power of the United States is concerned, the state has the right, by any rule it deems proper, to classify persons or businesses for the purposes of taxation, subject to the condition that such classification shall not be in violation of the Constitution of the United States; that the requirement by the State, that *all* wholesale dealers in *specified articles* shall pay a tax of a given amount on their occupation, without exacting a similar tax on the occupations of wholesale dealers in other articles, cannot, on the face of the statute or by reason of any facts within the judicial knowledge of the court, be held, within the meaning of the Fourteenth Amendment, to deprive the taxpayer of his property without due process of law or to deny him equal protection of the laws; and the Federal court cannot interfere with the enforcement of the statute simply because it may disapprove its terms, or question the wisdom of its enactment, or because it cannot be sure as to the precise reason inducing the State to enact it."

See also the later case of Walters v. City of St. Louis, 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660 (1954).

The conclusions of the trial court were correct. Its judgment is affirmed.

It is so ordered.

MOISE, COMPTON and TACKETT, JJ., and WOOD, J., Ct.App., concur.