463 P.2d 521

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Modesto L. PACHECO, Defendant-Appellant.**

**No. 396.**

Court of Appeals of New Mexico.

Dec. 24, 1969.

Eugene E. Brockman, Tucumcari, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James C. Compton, Jr., Asst. Atty. Gen., for appellee.

## OPINION

OMAN, Judge.

Defendant was convicted of stealing a calf contrary to § 40A–16–1, N.M.S.A. 1953 (Repl. Vol. 6), which provides:

"*Larceny.*—Larceny consists of the stealing of anything of value which belongs to another.

"Whoever commits larceny when the value of the thing stolen is one hundred dollars ($100) or less is guilty of a petty misdemeanor.

"Whoever commits larceny when the value of the thing stolen is over one hundred dollars ($100) but not more than twenty-five hundred dollars ($2,500) is guilty of a fourth degree felony.

"Whoever commits larceny when the value of the thing stolen exceeds twenty-five hundred dollars ($2,500) is guilty of a third degree felony.

"Whoever commits larceny when the thing of value stolen is livestock is guilty of a third degree felony regardless of its value."

He was sentenced pursuant to § 40A–29–3(C), N.M.S.A. 1953 (Repl. Vol. 6), which fixes the punishment to be imposed on those convicted of a third degree felony.

He appeals and relies upon the following point for reversal:

"The sentence imposed on the defendant under § 40A–16–1 N.M.S.A., 1953, is unconstitutional in that the portion of the statute under which the defendant was sentenced violated the special legislation provisions of Constitution of New Mexico and the equal protection clause of the Constitution of the United States and Constitution of New Mexico."

His argument is that the placing of all who steal livestock, regardless of value, into one class for the purpose of fixing the degree of the offense, and consequently the punishment therefor, is unreasonable, arbitrary and discriminatory.

He contends this classification violates the equal protection clause of § 1 of the Fourteenth Amendment to the United States Constitution and § 18 of Article II of the Constitution of New Mexico, and also violates that portion of § 24 of Article IV of the Constitution of New Mexico which provides: "The legislature shall not pass local or special laws in any of the following cases: * * * the punishment for crimes and misdemeanors; * * *."

Every presumption is to be indulged in favor of the validity and regularity of legislation, and it will not be declared unconstitutional, unless the court is satisfied beyond all reasonable doubt that the Legislature went outside the Constitution in enacting it. City of Raton v. Sproule, 78 N.M. 138, 429 P.2d 336 (1967); Romero v. Tilton, 78 N.M. 696, 437 P.2d 157 (Ct. App.1967).

Defendant cites no authority in support of his contention that the separate classification of those "guilty of stealing livestock" constitutes special legislation. He concedes our Supreme Court has held that special legislation is such as relates to particular persons or things of a class, or is made for individual cases or for less than a class of persons or things requiring laws appropriate to its peculiar conditions and circumstances. City of Raton v. Sproule, supra; Scarbrough v. Wooten, 23 N.M. 616, 170 P. 743 (1918); State v. Atchison T. & S. F. Ry., 20 N.M. 562, 151 P. 305 (1915). If a statute is general in its application to a particular class of persons or things and to all of the class within like circumstances, it is a general law. City of Raton v. Sproule, supra; Albuquerque Met. Arroyo Flood Control Authority v. Swinburne, 74 N.M. 487, 394 P.2d 998 (1964); Davy v. McNeill, 31 N.M. 7, 240 P. 482 (1925).

Defendant seeks to bring the questioned statutory classification within the definition of special legislation by making all "who are guilty of larceny" the particular class of persons to whom the statute is applicable. However, if this position were valid, there could be no classification of larceny into misdemeanors and felonies, and no classification into degrees of these misdemeanors and felonies. Defendant makes no argument for this position, and recognizes the validity of classifications on the basis of the value of the thing taken.

The persons embraced within the particular class, as defined in the questioned portion of the statute, are all who steal livestock. This portion of our larceny statute applies to all persons who steal livestock in the State of New Mexico. In our opinion, this provision of our statute does not constitute special legislation contrary to the constitutional enjoinder quoted above from Article IV, § 24 of the Constitution of New Mexico.

In support of his position, that the separate classification of those "guilty of stealing livestock" denies him equal protection under the law, defendant relies upon the following cases, which have considered the constitutionality of statutes under the equal protection clause of either the Federal or State Constitutions, or under both: Community Public Serv. Co. v. New Mexico Pub. S. Comm'n., 76 N.M. 314, 414 P.2d 675 (1966); Burch v. Foy, 62 N.M. 219, 308 P.2d 199 (1957); State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953); State v. Martinez, 48 N.M. 232, 149 P.2d 124, 155 A.L.R. 811 (1944); State v. Sunset Ditch Co., 48 N.M. 17, 145 P.2d 219 (1944); State v. Pate, 47 N.M. 182, 138 P.2d 1006 (1943); Safeway Stores v. Vigil, 40 N.M. 190, 57 P.2d 287 (1936); State v. Henry, 37 N.M. 536, 25 P.2d 204, 90 A.L.R. 805 (1933); State v. Cory, 204 Or. 235, 282 P.2d 1054 (1955); State v. Pirkey, 203 Or. 697, 281 P.2d 698 (1955).

Defendant concedes none of these cases ruled on the constitutionality of the statute in question, or on a similar statute, and states he has failed to discover a case which has so ruled. The cases he has cited hold that absolute equality of treatment under a statute is not required, but it is imperative that a statutory classification be reasonable, be based upon real differences bearing a proper relationship to the classification, and require uniform treatment of all who come within the class. See also, Gruschus v. Bureau of Revenue, 74 N.M. 775, 399 P.2d 105 (1965), so holding.

At all times since 1884, New Mexico has consistently treated the larceny of livestock differently from the larceny of other things, in that the punishment for the larceny of livestock has never depended upon the value of the particular animal stolen. See Laws

1884, ch. 47, § 15; § 1613, N.M.S.A. (Code 1915); § 35–2405, N.M.S.A. (Comp.1929); § 41–419, N.M.S.A.1941; § 40–4–17, N.M. S.A.1953; § 40A–16–1, supra.

Until the adoption of Ch. 303, Laws 1963, provision had always been made for the punishment of larceny of livestock in a section of our statutes separate from those sections providing the punishments for other larcenies. This classification, based upon the nature of the thing stolen (livestock), rather than upon the value of the thing stolen, has been carried forward into our present larceny statute, § 40A–16–1, supra, which, as indicated, was enacted in 1963.

Defendant urges that the only proper classifications in § 40A–16–1, supra, are those based upon the value of the thing stolen. He contends the separate classification of those "guilty of stealing livestock" is unreasonable and not based upon any real difference between that classification and those "guilty of stealing other things of value."

As above stated, this separate classification has long been recognized in New Mexico, and, in our opinion, is reasonable and is based upon real differences having a proper relationship to the classification. In Wilburn v. Territory, 10 N.M. 402, 62 P. 968 (1900), our Territorial Supreme Court observed:

"* * * it is perfectly clear that the object of the older act [Laws 1884, ch. 47, § 15] was not to prevent larceny in general, but to protect the ownership of a certain class of property, * * *. We suppose that in the opinion of the legislature the earlier act [Laws 1884, ch. 47, § 15] was needed, either to prevent a kind of thefts peculiarly easy of commission and difficult of discovery and punishment, or to afford special protection to the important industry of stock raising, or that the act was based upon both these considerations; * * *."

In State v. Graves, 21 N.M. 556, 157 P. 160 (1916), it was stated that the larceny of livestock statute [Laws 1884, ch. 47, § 15;

§ 79 Compiled Laws of 1897; § 1613, N.M. S.A. (Code 1915)] was:

"* * * an act in special form, enacted for the particular protection of live stock, while the other [Laws 1891, ch. 80, § 8; § 1187 Compiled Laws of 1897; Laws 1907, ch. 36, § 17; § 1529, N.M.S.A. 1915] was a general act defining the punishment of larceny, graded according to the value of the property stolen. * * * *"

See the following cases from other jurisdictions in which the larceny of an animal has been made punishable as a specific crime without regard to the value thereof. Perkins v. State, 182 Ark. 1167, 34 S.W.2d 746 (1931); State v. Elmore, 126 Mont. 232, 247 P.2d 488 (1952); Leistritz v. State, 165 Neb. 220, 85 N.W.2d 318 (1957); Wolfe v. Commonwealth, 167 Va. 486, 189 S.E. 320 (1937).

As stated in Wilburn v. Territory, supra, and State v. Graves, supra, the larceny of livestock statute was apparently enacted to protect the ownership thereof, to prevent a kind of larceny peculiarly easy of commission and difficult of discovery and punishment, and to protect the important industry of stock raising. There may be other reasons for the legislative classification of those "guilty of stealing livestock," but these are sufficient. The reasonableness of a classification is in the first instance a legislative question. The Legislature is vested with a wide range of discretion in distinguishing, selecting and classifying. Only if a classification is so devoid of any semblance of reason as to amount to mere caprice, depending on legislative fiat alone for support, is a court justified in striking down a legislative act as violative of constitutional guarantees. Romero v. Tilton, supra. See also Michael J. Maloof & Co. v. Bureau of Revenue, 80 N.M. 485, 458 P.2d 89 (1969).

The judgment of conviction and sentence should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.