604 P.2d 835

**C & D TRAILER SALES, Appellant,**

v.

**TAXATION AND REVENUE DEPARTMENT, Appellee.**

**No. 3778.**

Court of Appeals of New Mexico.

Nov. 29, 1979.

John F. Quinn, Santa Fe, for appellant.

Jeff Bingaman, Atty. Gen., Gerald B. Richardson, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Taxpayer appeals an order and decision of the Department which denied a protest of assessed gross receipts tax, interest and penalty on its sales of mobile homes. We affirm.

Taxpayer raises three issues on appeal: (1) the constitutionality of New Mexico's taxing scheme vis-a-vis mobile homes; (2) assuming the taxing scheme to be constitutional, whether it was proper to impose a penalty on Taxpayer for failure to timely pay said taxes; and (3) whether the procedures given Taxpayer by the Department were constitutionally adequate.

The Department made the following findings of fact:

\* \* \* \* \* \*

2. The taxpayer did not report to the Bureau its receipts from its New Mexico

sales of mobile homes nor did it pay gross receipts tax on such sales.

\* \* \* \* \* \*

8. The Penalty. The owner of C & D Trailer Sales testified he did not want to pay this tax because it is unfair and, if necessary, he deliberately determined to test the validity of the tax, but he did not intend to avoid paying taxes if taxes are determined to be due. He testified that he conveyed these thoughts to his attorney and his accountant and it appears his attorney and accountant simply agreed there were too many taxes on mobile homes. There is no evidence that the taxpayer's failure to report receipts and pay taxes for 12 months was based on advice of counsel or his accountant.

*Constitutionality of New Mexico's Gross Receipts Tax as Applied to the Sale of Mobile Homes*

■ The applicable constitutional provisions are U.S.Const., Amendment XIV, and N.M.Const., Art. II, § 18, prohibiting the State from denying due process and equal protection laws, and N.M.Const., Art. VIII, § 1, providing that taxes shall be equal and uniform upon subjects of the same class. The appropriate standard in determining the constitutionality of legislative classifications made in the exercise of the State's taxing power is that employed under equal protection analysis. *Rust Tractor Co. v. Bureau of Revenue*, 82 N.M. 82, 475 P.2d 779 (Ct.App.1970). That standard is the relatively lax rational basis test. In *Michael J. Maloof & Co. v. Bureau of Revenue*, 80 N.M. 485, 458 P.2d 89 (1969), the New Mexico Supreme Court adopted the United States Supreme Court's highly deferential test announced in *Madden v. Kentucky*, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940):

In the field of taxation, more than in other fields, the legislature possesses the greatest freedom in classification, and to attack such as a violation of the Fourteenth Amendment places the burden on the one attacking to negative every conceivable basis which might support the classification.

■ Taxpayer must show that the taxing statute is patently arbitrary and capricious or void for uncertainty in order to defeat the statute on constitutional grounds. *Maloof, supra*. Where the State seeks to raise revenue through its exercise of the taxing power, reviewing courts have no right to determine the propriety or wisdom of the classifications drawn, but only if any rational basis can be found to support it. *Amarillo-Pecos Valley Truck Lines v. Gallegos*, 44 N.M. 120, 99 P.2d 447 (1940).

■ Taxpayer contends that the classification is arbitrary, that there exists no real difference between the groups so distinguished and that there is double taxation. This is erroneous. Mobile homes are in the nature of both personal and real property. See James H. Carter, "Problems in the Regulation and Taxation of Mobile Homes," 48 Iowa L.Rev. 16, and cases cited therein. They are only personalty in the hands of the dealer. There is no double taxation nor is the classification arbitrary. The legislature may tax them accordingly. Taxpayer's constitutional challenge is without merit.

*The Penalty*

Section 7–1–69 A, N.M.S.A.1978, provides:

In case of failure, due to negligence or disregard of rules and regulations, but without intent to defraud, to pay when due any amount of tax required to be paid or to file a return regardless of whether or not any tax is due, there shall be added to the amount two percent per month or a fraction thereof from the date the tax was due or from the date the return was required to be filed \* \* \*.

■ A taxpayer's mere belief that he is not liable to pay taxes is tantamount to negligence within the meaning of the statute and invocation of the penalty is appropriate. *Tiffany Const. Co., Inc. v. Bureau of Revenue*, 90 N.M. 16, 558 P.2d 1155 (Ct. App.1976), *cert. denied* 90 N.M. 254 (1977). However, where taxpayer's failure to pay taxes is the result of a "diligent protest,"

and his decision to challenge the tax is based on informed consultation and advice (i. e. from his attorney or accountant), the taxpayer negates any inference of negligence and the application of the above-cited penalty provision is inappropriate. *Stohr v. New Mexico Bureau of Revenue,* 90 N.M. 43, 559 P.2d 420 (Ct.App.1976), *cert. denied,* 90 N.M. 254 (1977).

■ Under § 7-1-25 D, N.M.S.A.1978, the reviewing court must determine whether the findings of the Department were supported by substantial evidence. To determine whether there is substantial evidence in the record " * * * the court considers only favorable evidence and views that evidence in a light most favorable to the Commissioner's decision." *Westland Corporation v. Commissioner of Revenue,* 84 N.M. 327, 503 P.2d 151 (Ct.App.1972). There is no evidence in the record that Taxpayer relied on any informed consultation in deciding not to pay its taxes. Taxpayer's own testimony supports the hearing officer's finding of no such informed consultation and, as such, the imposition of the penalty was proper.

*Adequacy of Procedures Followed in Hearing Process Under Due Process Analysis*

■ Taxpayer's due process challenge is that the administrative hearing below was not before a neutral hearing officer, i. e. someone unconnected with the Taxation and Revenue Department. A related issue confronted the New Mexico Supreme Court in *Seidenberg v. New Mexico Board of Medical Exam.,* 80 N.M. 135, 452 P.2d 469 (1969), where they upheld the administrative revocation of medical licenses by the same board that brought the charges.

The precise issue raised herein was addressed by the Oregon Court of Appeals in *Matthew v. Juras,* 16 Or.App. 524, 519 P.2d 402 (1974). There, as here, appellant relied on *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), where the United States Supreme Court held that one of the components of a fair administrative hearing is an impartial decision maker. The Oregon court, relying on *Morrissey v.*

*Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), held that the mere fact that the hearing officer was an employee of the agency does not violate the due process standards of *Goldberg, supra,* and *Morrissey, supra.*

The *Morrissey* court explained *Goldberg's* impartial trier of facts requirement as follows:

In *Goldberg,* the Court pointedly *did not require* that the hearing on termination of benefits be conducted by a judicial officer or even before the *traditional "neutral and detached"* officer; it required only that the hearing be conducted by some person *other* than one initially dealing with the case. (Some emphasis added.)

We find the procedures and holdings of the Department to be proper and, therefore, we affirm.

IT IS SO ORDERED.

HERNANDEZ and WALTERS, JJ., concur.