[No. 1756, July 27, 1915.]
# STATE v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

## SYLLABUS BY THE COURT.

1. A "general law" is one that relates to a subject of a general nature, or that affects all the people of the state, or all of a particular class.    P. 567

2. A "special law" is one made for individual cases, or for less than a class of persons, or subjects, requiring laws appropriate to peculiar conditions or circumstances.

P. 567

3. Statutory or constitutional provisions against special legislation on a subject do not prevent the Legislature from dividing legislation into classes and applying different rules as to each.    P. 568

4. Classification, however, must be based upon substantial distinctions, and not be arbitrary in its nature, and must apply to every member of the class or every subject under similar conditions, embracing all and excluding none whose condition and circumstances render legislation necessary or appropriate to them as a class.

P. 567

5. **Held,** that chapter 60 of the Laws of 1897, classifying counties numerically, without giving a basis for such classification or making provisions for the future admission or exclusion of other counties, is special legislation, in contravention of the Springer Act (Act July 30, 1886, c. 818, 24 Stat. 170), and to the extent of its attempted classification is invalid.     P. 571

6. **Held,** further, that chapter 8 of the Laws of 1905, so far as it attempts to base an authorization for a tax levy upon the so-called classification of the act of 1897 (chapter 60), is likewise to that extent invalid, as in contravention of the Springer Act, and that the attempted levy by Bernalillo county in· the tax year of 1913 of one mill for boarding prisoners under said chapter 8 of the Laws of 1905 is therefore invalid.     P. 571

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by the State of New Mexico against the Atchison, Topeka & Santa Fe Railway Company. From a judgment of dismissal, entered on sustaining a demurrer to the complaint, the State appeals. Affirmed.

IRA L. GRIMSHAW, Assistant Attorney General, for the State.

The tax attempted to be collected in this case is based on chapter 8, Laws of 1905. This law refers to the classification laws *only* for reference purposes and even though the classification laws are invalid and without force, that fact does not affect the law of 1905.

The third subdivision of the Springer Act providing that no special law shall be enacted where a general law can be made applicable has been practically obliterated by judicial decision to the effect that such provision is a *direction* to the Legislature only.

Guthrie National Bank v. Guthrie, 173 U. S. 528; Sears v. Fewson, 15 N. M. 132; 1 Lewis-Suth. Stat. Const., sec. 190.

No definite rule can be applied as to when a law is special or general.

1 Lewis-Suth. Stat. Const., sec. 200.

The true test is whether there is a "reason for the distinction." If there is, the law is not special. Such tests were in fact applied in all cases in New Mexico.

Codlin v. County Commissioners, 9 N. M. 565; Territory v. Cutilino, 4 N. M. 305; Sears v. Fewson, 15 N. M. 132; Territory v. Beaven, 15 N. M. 357; see, also, Lewis-Suth. Stat. Const., sec. 369.

The act of 1905 is not repugnant to sec. 1, art. 10, of the state Constitution. The law of 1905 cannot be tested by that provision because it was passed before the Constitution was adopted.

W. C. REID of Albuquerque, for appellee; E. W. DOBSON of counsel.

The law of 1905 is local and special, as are the classification laws upon which it is based.

Territory v. Baca, 6 N. M. 420; Codlin v. County Commissioners, 9 N. M. 565; Territory v. Beaven, 15 N. M. 357.

Classification laws must not be arbitrary, but must apply to all the subjects of classification similarly situated.

State ex rel. v. Hammer, 42 N. J. L. 435; Davis v. Com. of Cook County, 84 Ill. 590; Topeka v. Gillett (Kan.) 5 Am. & Eng. Cor. Cases, 290; Territory v. Beaven, 15 N. M. 358; Torrez v. Commissioners, 10 N. M. 679; Sun Mutual Life Ins. Co. v. N. Y., 8 N. Y. 241; Sharp v. N. Y., 31 Barb. 572.

### STATEMENT OF FACTS.

This is an action brought by the state against the railway company to collect a sum of money alleged to be due as delinquent taxes. The complaint alleged that the railway company refused to pay the sum of $518.28, one-half of which was then due and payable, which was a one-mill county levy, in Bernalillo county, in the tax year of 1913, for boarding prisoners. To this complaint a demurrer was interposed raising the following questions:

> "(a) Because the act of 1905, under which the tax in question is levied, is unconstitutional and void; the same being in contravention of the act of Congress approved July 30, 1886. (b) Because in the year 1913 there was no law in the state of New Mexico authorizing a levy of one mill for boarding prisoners. (c) Because the said act of 1905, if valid at the time of its passage, was repealed and made inoperative by section 1, article 10, of the Constitution of the state of New Mexico."

The demurrer was sustained, and the complaint dismissed, from which judgment of the trial court this appeal was taken.

### OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—The first point raised by the demurrer and argued before this court is that chapter 8, Laws 1905 (section 1346, Code 1915), is invalid as a special law, in contravention of the act of Congress of July 30, 1886, commonly known as the "Springer Act." This congressional act prohibited the Legislatures of the several territories from passing local or special laws in certain enumerated cases; the one with which we are immediately concerned being; "For the assessment and collection of taxes for territorial, county, township or road purposes." That portion of the act of 1905 with which this inquiry is concerned, as the same appears in the Code of 1915, is as follows:

"Sec. 1346. That the board of county commissioners in counties of the first class may cause to be levied and collected annually a special tax, of not exceeding three mills on the dollar, for the purpose of providing funds to defray the expenses of boarding county prisoners in county jails."

For the purpose of arriving at the intention of the Legislature in its designation of "counties of the first class," it is conceded we must refer to a prior statute, chapter 60, Laws 1897 (section 1, p. 303, C. L. 1897), the only classification of the counties of the territory then in effect, which provided that the counties of New Mexico should , thereafter be divided into counties of the first, second, third, and fourth classes; Bernalillo and San Miguel to be counties of the first class. It is argued by appellee that this classification was arbitrary, and based upon no substantial distinction with reference to the subject-matter of legislation; that the act was both local and special, and therefore violative of the terms of the "Springer Act," for which reason it could have no validity as the basis of classification for the purposes of the act of 1905. Other contentions are made which we do not consider it necessary to notice.

It is therefore clear that, when the two acts are read together, they authorize the levy and collection of the special tax in question in the two counties of Bernalillo and San Miguel and in none other. It is equally plain that the classification of the counties by the act of 1897 made no provision whereby other counties might enter into the privileges of any class, or be relieved from the responsibilities thereof, by reason of changing conditions developing in the future. In other words, there was no basis for the classification, such as the assessed valuation of the counties, which was adopted as the basis of all subsequent classification statutes. We have in the act of 1897, a legislative declaration that certain counties, therein named, shall be "counties of the first class' until such time as the Legislature shall elect to make other and dif-

ferent classification of the counties.    Should a shifting
population, or numerous other conditions, make the clas-
sification either unfair or burdensome, there could be no
relief until the Legislature revoked the law and made dif-
ferent provisions.    :

[1--4]    With this condition in mind, we turn to the
inquiry of whether these acts, so far as they are an at-
tempted classification of counties, are special, and to be
denounced as violative of the terms of the "Springer Act."
We can perhaps gain a better understanding of the matter
by first inquiring as to what "general laws" are, as dis-
tinguished from special and local laws.    In the sense in
which the term is used in constitutional or statutory pro-
visions inhibiting special legislation:

> "Laws of a general nature are such as relate
> to a subject of a general nature, and a subject of
> a general nature is one that exists or may exist
> throughout the state, or which affects the people
> of the state generally, or in which the people gen-
> erally have an interest."    1 Lewis' Sutherland,
> Stat. Const. (2d Ed.) § 197.

The territorial Supreme Court in an early case defined
a general law as one that affects all the people, or all of
a particular class.    Terr. v. Cutinola, 4 N. M. (Johns.)
305, 309, 14 Pac. 809.

Mr. Sutherland thus deals with the subject of special
laws:

> "Special laws are those made for individual
> cases, or for less than a class requiring laws ap-
> propriate to its peculiar condition and circum-
> stances."

Upon first impression it would seem that the problem
of determining whether a law was general in its nature,
or for less than a class, would prove a simple one; but an
examination of the numerous adjudicated cases will dis-
close that the question has proven a complex and uncer-
tain one to such an extent that, as stated by the Court of
Appeals of New York, in the case of Ferguson v. Ross,
126 N. Y. 459, 27 N. E. 954:

"It seems impossible to fix any definite rule by
which to solve the question whether a law is lo-
cal or general, and it has been found expedient
to leave the matter to a considerable extent open,
to be determined upon the special circumstances
of each case."

The difficulty, and sometimes confusion, which has·
arisen in the solution of the question, arises· by reason of
the fact that a law may be general in the sense above re-
ferred to, and yet be intended to operate on a limited num-
ber of persons, or things, or within a limited territory, and
thereby assume those characteristics usually associated
with special legislation.   Northern Pac. R. Co. v. Barnes,.
2 N. D. 310, 341, 51 N. W. 386, 394. The test, as applied
by the Supreme Court of North Dakota, in the case last
cited, for determining whether a law is general, is that:

"So far as it is operative, its burdens and its
benefits must bear alike upon all persons and
things upon which it does operate; and the stat-
ute must contain no provision that would ex-
clude or impede this uniform operation upon all
citizens, or all subjects and places, within the
state, provided they were brought within the re-
lations and circumstances specified in the act."

This power to legislate for limited subjects or persons·
is usually denominated the classification of subjects or
objects, and does not take a measure out of the field of
general legislation and subject it to the penalties of spe-
cial legislation.    As pointed out by the North Dakota
court, it is not an arbitrary power, and its exercise must
always be "within the limits of reason, and of a necessity
more or less pronounced."    To quote further from that
opinion:

"Classification must be based upon such dif-
ferences in situation, constitution, or purposes,
between the persons or things included in the
class and those excluded therefrom, as fairly and
naturally suggest the propriety of and necessity

for different or exclusive legislation in the line of the statute in which the classification appears."

The subject of classification is thus dealt with in 1 Lewis' Sutherland, Stat. Const. § 195:

"Generic subjects may be divided and subdivided into as many classes as require this peculiar legislation. Thus laws relating to the people, for certain purposes, extend to all alike, as for protection of person and property; for other purposes they are divided into classes as voters, sane and insane persons, minors, husbands and wives, parents and children, etc. Property is subject to division into classes. Nearly ·every matter of public concern is divisible, and division is necessary to methodical legislation. A statute relating to persons or things as a class is a general law; one relating to particular persons or things of a class is special."

The opinion of Trial Judge Sceds in the case of Terr. v. Baca, 6 N. M. 420, 440, 30 Pac. 864, 870, clearly follows the rule pointed out by Mr. Sutherland. This opinion follows that line of authorities which holds that legislation is permissible for classes of subjects, but not for persons or things of a class. The opinion points out that legislation, to be general, must contemplate that all persons or things who are now, or may in the future come, under its jurisdiction will be amenable to its jurisdiction. Again quoting from the opinion by Mr. Justice Seeds:

"Such law must embrace all, and exclude none, whose conditions and wants render such legislation equally necessary or appropriate to them as a class." Randolph v. Wood, 49 N. J. Law, 85, 7 Atl. 286.

Mr. Justice McFie of our territorial Supreme Court, in the case of Codlin v. County Commissioners, 9 N. M. 565, 572, 58 Pac. 499, 501, followed substantially the same line of reasoning when he said:

"A law may be made to apply to conditions existing at the time the law is enacted, but it must also apply to similar conditions in the future."

He further said, referring to the statutes under consideration:

"The limitations in the laws declared to be void by the courts * * * were purely arbitrary and without any reasonable foundation. In each case they served to prevent the future general operation of the laws, and thus made those laws special, whether they were general in form or not."

After an examination of numerous cases, we conclude that the Supreme Court of Minnesota, in State v. Cooley, 56 Minn. 540, 58 N. W. 150, 152, set out the briefest summary of the tests for determining whether a legislative act is violative of the inhibitions against special legislation. While holding that a constitutional prohibition against special legislation on a subject does not prevent the Legislature from dividing it into classes, and applying different rules to the classes, nevertheless (quoting from said opinion):

"Classifications must be based upon substantial distinctions, which make one class so different from another as to suggest the necessity of different legislation with respect to them. And the characteristics which form the basis of the classification must be germane to the purposes of the law; that is, the legislation must be confined to matters peculiar to the class. Further, the classification must be complete, so that the law will apply to every member of the class or every object under the same conditions. If the basis of classification is valid, it is immaterial how many or how few members there are in the class—how many or how few objects there are

State v. A., T. & S. F. Ry. Co., 20 N. M. 562.

to which the law can apply. The character of an act as general or special depends on its substance, and not on its form."

[**5-6**] Applying these rules as a test to the act of 1897, defining what counties are to be included in first-class counties, we find that all other counties are then, and for the future, excluded until such time, at least, as the Legislature in its wisdom should make other provision. We therefore conclude that the act of 1897, classifying counties without a basis therefor, or provision for the future admission, or exclusion, of other counties, is special legislation, in contravention of the "Springer Act," and to that extent invalid. We further conclude that the act of 1905 (chapter 8), so far as it attempts to base an authorization for a tax levy upon the so-called classification of the act of 1897 (chapter 60), is likewise to that extent invalid, and that the attempted levy by Bernalillo county, in the tax year of 1913, for boarding prisoners, under said act of 1905, is consequently invalid.

It is our opinion that no such classification appears from the act in question, or from facts concerning which we might take judicial notice, to justify this court in overruling the attack upon the ground that it is in conflict with the "Springer Act." In so concluding we do not overlook the duty resting upon courts to sustain legislative acts, unless in clear contravention of constitutional provisions. We have given special care and consideration to this question, because, while the question is here presented as a violation of the "Springer Act," it might equally as well arise under the terms of our Constitution, inasmuch as the "Springer Act" was substantially incorporated in our Constitution. Article 4, § 24.

Our conclusion upon this point makes it unnecessary to determine other questions raised, and makes it necessary to affirm the judgment of the district court; and it is so ordered.

PARKER, J., concurs.

ROBERTS, C. J., being absent, did not participate in this decision.