572 P.2d 545

Thomas G. KEIDERLING, Francis Griego, Merced Anzures, Roger Ramirez, Willie D. Smith, Petitioners,

v.

Hon. Maurice SANCHEZ and Hon. Joseph F. Baca, Respondents.

Nos. 11518, 11519, 11631, 11679 and 11683.

Supreme Court of New Mexico.

Dec. 14, 1977.

Jan A. Hartke, Chief Public Defender, Janice Hensolt-Ellis, Mark Shapiro, Samuel A. Francis, Jon T. Kwako, Raymond Hamilton, Alice G. Hector, Joseph N. Riggs, III, J. Brent Ricks, Albuquerque, for petitioners.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for respondents.

OPINION

PAYNE, Justice.

In this proceeding the petitioner, Thomas Keiderling, seeks a writ of prohibition directed to the Honorable Maurice Sanchez, District Judge of the Second Judicial District, for failure to honor an attempted disqualification. Since the original writ was filed, additional cases have been filed based on similar factual and legal grounds. These petitions have been consolidated into this cause and the decision herein is dispositive of those cases.

The respondent challenges § 21–5–8, N.M.S.A.1953 (Inter.Supp.1976–77) [Chap. 228, § 1, 1977 N.M.Laws 875], which authorized the disqualification, as an unconstitutional enactment of special legislation in violation of Article IV, § 24 of the New Mexico Constitution.

Section 21–5–8 provides for the disqualification of judges by affidavit if a party questions the impartiality of the judge. Originally the disqualification section allowed only one disqualification to every party involved in a lawsuit. § 21–5–8, N.M.S.A.1953 (Repl.1970) [Chap. 165, § 2, 1965 N.M.Laws 426]. Section 21–5–8 as now amended reads in pertinent part as follows:

A. Whenever a party to an action or proceeding, civil or criminal, including proceedings for indirect criminal contempt arising out of oral or written publications, except actions or proceedings for constructive and other indirect contempt or direct contempt shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, whether he be the resident judge or a judge designated by the resident judge, except by consent of the parties or their counsel, cannot, according to the belief of the party making the affidavit, preside over the action or proceeding with impartiality, that judge shall proceed no further. Another judge shall be designated for the trial of the cause,

. . . . .

B. A party to an action filed in the second judicial distrist [sic] may disqualify three judges pursuant to the provisions of Subsection A of this section.

The difference between § 21–5–8 as it now exists and the prior law is that parties in the Second Judicial District are now entitled to three disqualifications by affidavit, while parties in the other districts of the state are allowed only one.

■ Article IV, § 24 of the New Mexico Constitution provides that the Legislature shall not pass special laws when a general law can be made applicable. A special law is generally defined as legislation written in terms which makes it applicable only to named individuals or determinative situations. In contrast a law is considered *general* in nature if the subject of the statute may apply to, and affect the people of, every political subdivision of the state. 2 C. Sands, *Statutes and Statutory Construction*, §§ 40.01, 40.02 (4th ed. 1973); *See also State v. A., T. & S.F. Ry. Co.*, 20 N.M. 562, 151 P. 305 (1915).

■ The evil inherent in *special* legislation is the granting to any person or class of persons, the privileges or immunities which do not belong to all persons on the same terms.

This Court has on previous occasions addressed itself to the subject of whether various legislative acts could be classified as special or general laws. *See Board of Trustees of Town of Las Vegas v. Montano*, 82 N.M. 340, 481 P.2d 702 (1971); *City of Raton v. Sproule*, 78 N.M. 138, 429 P.2d 336 (1967); *Albuquerque Met. Arroyo Flood Con. A. v. Swinburne*, 74 N.M. 487, 394 P.2d 998 (1964); *Airco Supply Company v. Albuquerque National Bank*, 68 N.M. 195, 360 P.2d 386 (1961); *State v. A., T. & S.F. Ry. Co., supra.*

The most-followed authority throughout the years in determining whether an act of the Legislature is a special or general law has been *State v. A., T. & S.F. Ry. Co., supra.* In that case this Court considered the validity of an Act providing for a one mill tax levy for feeding prisoners in first class counties. The counties of Bernalillo and San Miguel were the only counties subject to the tax by having been declared first class counties. No provisions were made in the Act for other counties to attain the same status, nor were there any provisions to relieve the first class counties of their responsibility should there be future changes in their condition. Considering these facts, the Court noted:

It is equally plain that the classification of the counties by the act of 1897 made no provision whereby other counties might enter into the privileges of any class, or be relieved from the responsibilities thereof, by reason of changing condi-

tions developing in the future. In other words, there was no basis for the classification, such as the assessed valuation of the counties, which was adopted as the basis of all subsequent classification statutes. We have in the act of 1897 a legislative declaration that certain counties, therein named, shall be "counties of the first class" until such time as the Legislature shall elect to make other and different classification of the counties. Should a shifting population, or numerous other conditions, make the classification either unfair or burdensome, there could be no relief until the Legislature revoked the law and made different provisions.

20 N.M. at 566, 151 P. at 306. The Court reviewed many prior cases and concluded that each case must be viewed in its own light.

The principles of law set forth in *State v. A., T. & S.F. Ry. Co., supra,* have consistently been approved and followed by this Court in subsequent cases. *Crosthwait v. White,* 55 N.M. 71, 226 P.2d 477 (1951); *Hutcheson v. Atherton,* 44 N.M. 144, 99 P.2d 462 (1940).

Petitioner argues that a law is not necessarily "special" in the constitutional sense unless the classification is unreasonable or there is no rational basis for it. *Airco Supply Company v. Albuquerque National Bank, supra.*

Petitioner argues that from the enactment of § 21–5–8 it is clear that the Legislature deemed it necessary to expand the right to disqualify judges. Were this the intent of the Legislature, it appears that there could be a rational basis for the law. Petitioner, however, fails to recognize the second part of the test that "the statute [must be] general to the class that it embraces, operating uniformly on all members of that class." *Airco Supply Company v. Albuquerque National Bank, supra,* 68 N.M. at 206, 360 P.2d at 393.

In this instance the members of the class are parties involved in legal proceedings in the district courts of this state. The ultimate effect of § 21–5–8 is that members of the class who appear before the District Court in the Second Judicial District have the right to disqualify three judges while the members of the class outside of the Second Judicial District are only allowed one disqualification. The legislation before us falls squarely within the prohibition set forth in *State v. A., T. & S.F. Ry. Co., supra.* By the terms of the statute the judicial districts have been unreasonably classified. Different rights accrue to citizens of the state depending upon where cases are filed without regard to changing conditions that might develop in the future.

Petitioner has not shown that a *general* law could not have been enacted giving all parties the same status as the litigants residing in the Second Judicial District. We, therefore, hold that § 21–5–8 B is an unconstitutional *special* law in violation of Article IV, § 24 of the New Mexico Constitution. Petitioner's application for a writ of prohibition must be denied. This holding relates only to Part B of § 21–5–8. The force and effect of the remaining provisions of the section are severable and not affected. *Bradbury & Stamm Const. Co. v. Bureau of Revenue,* 70 N.M. 226, 372 P.2d 808 (1962).

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and FEDERICI, JJ., concur.