679 P.2d 840

**Alvin D. and Mary N. HOOPER, Appellants,**

v.

**BERNALILLO COUNTY ASSESSOR, Appellee.**

**No. 7307.**

Court of Appeals of New Mexico.

March 22, 1984.

Certiorari Denied April 10, 1984.

Alvin D. and Mary N. Hooper, pro se.

Kenneth A. Hunt, Albuquerque, for appellee.

Paul Bardacke, Atty. Gen., Bridget A. Jacober, Asst. Atty. Gen., Santa Fe, for amicus curiae New Mexico Taxation and Revenue Department.

David Greer, Albuquerque, for amicus curiae American Legion and Veterans of Foreign Wars.

## OPINION

MINZNER, Judge.

The Bernalillo County Assessor ("Assessor") denied Appellants Alvin D. and Mary N. Hooper's ("collectively referred to as Hooper") claim for a veteran's exemption under NMSA 1978, Section 7–37–5(C)(3)(d) (Repl.Pamp.1983). The statute exempts $2,000.00 of the taxable value of property for any honorably discharged Vietnam vet-

eran who served on active duty for at least ninety days and who was a New Mexico resident prior to May 8, 1976. Following a hearing, the Bernalillo County Valuation Protests Board ("Board") upheld the Assessor's denial. Hooper appeals pursuant to NMSA 1978, Section 7–38–28(A) (Repl. Pamp.1983).

The facts are undisputed. Hooper owns real property subject to taxation in Bernalillo County. Alvin D. Hooper served in the armed forces on active duty in Vietnam for a sufficient length of time under Section 7–37–5(C)(2). He received an honorable discharge. The claim for an exemption was denied solely because he did not establish residency in New Mexico until August 17, 1981.

Hooper raises three issues on appeal:

(1) Whether the statutorily enacted residency requirement for qualification for the veterans exemption violates the equal protection clauses of both the United States and New Mexico Constitutions;

(2) Whether the statutorily enacted residency requirement for qualification for the veterans exemption violates the due process clauses of both the United States and New Mexico Constitutions; and

(3) Whether, if invalid, the residency requirement can be severed from the exemption statute.

We affirm the Assessor's and Board's denial of the exemption and hold that the residency requirement is valid. Thus, we do not reach the third issue.

## EQUAL PROTECTION

Section 7–37–5(C)(3)(d) separates all Vietnam veteran New Mexico residents into two classes: a class of veterans who became residents prior to May 8, 1976, and are entitled to the exemption; and a class of veterans who became residents subsequent to May 7, 1976, and are not entitled to the exemption. Alvin D. Hooper is a member of the latter class, to which the statute denies a benefit.

■ When a statute is challenged on equal protection grounds, we must determine the appropriate standard of review. Our courts have interpreted the equal protection clause of the New Mexico Constitution consistently with federal court interpretations of the equal protection clause in the United States Constitution. *Anaconda Co. v. Property Tax Department,* 94 N.M. 202, 608 P.2d 514 (Ct.App.1979), *cert. denied,* 94 N.M. 628, 614 P.2d 545 (1980). A classification scheme which impinges on a fundamental right or discriminates against a suspect class is constitutionally defensible only if it furthers a compelling state interest. *McGeehan v. Bunch,* 88 N.M. 308, 540 P.2d 238 (1975).

■ Hooper urges this court to find the statute unconstitutional on the ground that it penalizes Vietnam era veterans who have exercised their fundamental right to travel and is not supported by a compelling state interest. Because in our judgment the statute does not unconstitutionally burden the right to travel, we decline to apply such a standard.

All residency requirements to some degree burden those who exercise the right to travel. Decisions recognizing the importance of that right, such as *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), were never intended to cast doubt on the validity of all residency requirements. *Dunn v. Blumstein,* 405 U.S. 330, 342, n. 13, 92 S.Ct. 995, 1003, n. 13, 31 L.Ed.2d 274 (1972). Furthermore, not every statute which has an adverse impact on a person who has exercised the right to travel is subject to strict scrutiny:

The amount of impact required to give rise to the compelling-state-interest test was not made clear [in *Shapiro* ]. The Court spoke of the requisite impact in two ways. First, we considered whether the waiting period would deter migration * * *. Second, the Court considered the extent to which the residence requirement served to *penalize* the exercise of the right to travel.

*Memorial Hospital v. Maricopa County,* 415 U.S. 250, 256–57, 94 S.Ct. 1076, 1081, 39 L.Ed.2d 306 (1974) (emphasis in original).

Section 7–37–5(C)(3)(d) does not unconstitutionally penalize an exercise of the right to travel. Courts that have applied the stricter standard of review to statutes because they abridged the right to travel have done so with respect to such fundamental interests as voting, welfare benefits, or public medical assistance. *Cf. Hawaii Boating Association v. Water Transportation Facilities,* 651 F.2d 661 (9th Cir. 1981) (court found durational residency requirements for preferential recreational rates did not impose a significant penalty on fundamental right to travel). Such rights are aspects of state citizenship now recognized in every state in some form. Denying such rights to new citizens even temporarily would penalize new residents and deter migration because those persons who contemplate moving interstate have reasonable expectations that such necessary, essential rights will be available. A veteran's property tax exemption is not such a right.

Hooper has argued that the value of the right is irrelevant. Hooper cites *Zobel v. Williams,* 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1982), which found that the Alaska dividend program denied new residents equal protection, for the proposition that denial of a benefit that has relatively small pecuniary value may be a sufficient penalty on the right to travel. *Zobel* did not decide whether the program merited strict scrutiny and thus did not alter the test established by *Memorial Hospital.*

Courts have held unconstitutional a substantial waiting period imposed on new residents as a qualification for benefits. *Cf. Lambert v. Wentworth,* 423 A.2d 527 (Me. 1980) (court struck a ten-year residency requirement as an unconstitutional penalty on those veterans who have recently exercised their right to travel). That is not the case before us. Section 7–37–5(C)(3)(d) grants a tax exemption for veterans on the basis of residency established prior to a certain date. Such a legislative decision does not deny equal protection unless it lacks a rational basis. *Id.*

A legislative classification must be reasonable, not arbitrary, and must rest upon some ground of difference that has a fair and substantial relation to the object of the legislation. *McGeehan v. Bunch.* The legislature enjoys a wide field of choice in creating classifications. *Shope v. Don Coe Construction Co.,* 92 N.M. 508, 590 P.2d 656 (Ct.App.1979). In taxation, even more than in other fields, the legislature possesses the greatest freedom in classification. *Michael J. Maloof & Co. v. Bureau of Revenue,* 80 N.M. 485, 458 P.2d 89 (1969). "That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy." *Allied Stores of Ohio v. Bowers,* 358 U.S. 522, 528, 79 S.Ct. 437, 441, 3 L.Ed.2d 480 (1959).

When evaluated in light of this standard, we find that the New Mexico veterans exemption reflects legitimate state purposes and that Section 7–37–5(C)(3)(d) bears a reasonable relationship to those purposes. The people of the state first adopted the veterans exemption as Article 8, Section 5 of the New Mexico Constitution, in September 1921. The constitutional provision is not self-executing. It requires implementing legislation by the legislature in order to become effective. *Cf. State ex rel. Delgado v. Romero,* 17 N.M. 81, 124 P. 649 (1912).

The legislature first enacted a veterans exemption statute in 1923. That enactment contained both a residency and a thirty-day service requirement, neither of which is contained in the constitutional provision. Chapter 130, Laws of 1923, codified in NMSA 1941, § 76–111. The legislature amended the statute in 1933 to provide that the claimant's residency must be acquired prior to January 1, 1934. *Flaska v. State,* 51 N.M. 13, 177 P.2d 174 (1946).

In *Flaska,* the court addressed the intent of the exemption. The court found that the people had adopted a plan to reward New Mexico veterans which could be made to apply to soldiers of any war, past or future, and had given the legislature con-

tinuing and permanent discretion to modify qualification criteria. Although the court recognized that the legislature might grant a tax exemption to every honorably discharged veteran of any war, the court implicitly recognized the propriety of a less expansive exemption under the state constitution. The court deferred to the legislature for a solution to the problem that the requirement of residency prior to 1934 might exclude some World War II veterans:

> Perhaps some soldiers who live in and entered military service from New Mexico and served during the present war will be denied benefit of the exemption because of the requirement that residence in the state must have been acquired before 1934 to be eligible for the bounty * * *. If it sees fit to do so, the legislature has authority to act again * * to meet and provide for conditions which may have grown up since the exemption statute in question was passed.

51 N.M. at 26, 177 P.2d at 182. In *Flaska,* the court assumed that the 1934 residency requirement was valid; the appellant satisfied the requirement.

The legislature has since amended the statute to provide specific residency date requirements for veterans of each major conflict in which the United States has been engaged since the exemption was originally adopted. In each instance, cutoff dates allow a veteran to qualify for the exemption if he establishes residency in New Mexico within a grace period following the official end of the conflict. Section 7–37–5 (Cum.Supp.1983).

The question before us is whether the legislature acted arbitrarily or capriciously in either establishing a cutoff date or in adopting this specific cutoff date for veterans of the Vietnam war. Our courts have recognized that legislative classification based wholly upon the time element is invalid where the time selected has no reasonable relation to the object of the legislation. *State v. Sunset Ditch Co.,* 48 N.M. 17, 145 P.2d 219 (1944). That is not the case here.

The legislature has acted reasonably in exercising its discretion under the state constitution. A state's interest in expressing gratitude and rewarding its own citizens for honorable military service is a rational basis for veterans' preferences. *Langston v. Levitt,* 425 F.Supp. 642 (S.D. N.Y.1977); *August v. Bronstein,* 369 F.Supp. 190 (S.D.N.Y.1974), *aff'd,* 417 U.S. 901, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974). The residency requirement at issue extends the benefit to any Vietnam veteran who was a resident prior to induction, who became a resident after induction but before his active tour of duty, or who became a resident within one year of the final U.S. troop withdrawal. The scheme affords any Vietnam veteran a reasonable opportunity to establish New Mexico residency and qualify, and the one-year period, of which Hooper is critical, is actually a grace period that the legislature gratuitously provided. *Cf. Lambert v. Wentworth* (sustaining a requirement of residency at the time of induction).

■ That the legislature chooses to reward a specific class of veterans does not require it to extend the benefit to all veterans where the distinguishing residency criteria is rational. *See Horst v. Guy,* 211 N.W.2d 723 (N.D.1973); *Miller v. Board of County Commissioners of Natrona County,* 79 Wyo. 502, 337 P.2d 262 (1959). The legislature is entitled to reward and encourage veterans to settle in New Mexico, but it is also entitled to limit the period of time within which they may choose to establish residency. *See Miller.* The fact that the legislature might have furthered its purpose more completely or more equitably does not invalidate the classification. *East Texas Guidance & Achievement Center, Inc. v. Brockette,* 431 F.Supp. 231 (E.D. Tex.1977).

Hooper argues that the specific date chosen, May 8, 1976, is completely arbitrary, pointing to the fact that the 1983 legislature changed the cutoff date from May 8, 1975 to May 8, 1976. Although *any* date chosen would be, to some extent, arbitrary, the legislature has enacted a statute which

allows Vietnam veterans additional time to establish or re-establish New Mexico residency. The legislature has provided a comparable period for veterans of World War II and of the Korean conflict. Classification based upon the particular cutoff date is reasonably related to the object of the legislation.

*Zobel v. Williams,* upon which Hooper relies, is distinguishable. There, the court struck down a classification scheme which extended a governmental benefit to all bona fide residents but conditioned the amount of the benefit on duration of residence. Finding that the classification scheme "creates fixed, permanent distinctions between an ever-increasing number of perpetual classes of concededly bona fide residents, based on how long they have been in the State" (457 U.S. at 59, 102 S.Ct. at 2312), the court rejected Alaska's interests in support of such a scheme as insufficient.

The statute at issue here extends a tax benefit not to *all* bona fide residents, but to a small class of New Mexico veteran residents. Unlike *Zobel,* the statute at issue here involves tax legislation and requires us to recognize an even broader legislative freedom in classification. *Regan v. Taxation With Representation of Washington,* 461 U.S. 540, 103 S.Ct. 1997, 76 L.Ed.2d 129 (1983). This classification scheme does not favor long-term residents as a class over those who have recently exercised their right to travel. It is not a true durational residency requirement which courts have disfavored. *Zobel v. Williams; Lambert v. Wentworth.* The legislature here extended a benefit to a specific class of New Mexico veteran residents in a manner that is rationally related to legitimate state interests.

## DUE PROCESS

 Hooper next contends that the statute denies a constitutional right to due process because it is so vague or uncertain that persons of common intelligence must necessarily guess at its meaning. Hooper points out that the statute is unclear as to whether the requirement at issue is a continuous residency requirement and that a veteran with only one day of New Mexico residency, immediately followed by an extended period of nonresidency prior to May 8, 1976, might qualify for the exemption where Alvin D. Hooper does not.

Such arguments are not, standing alone, sufficient to allow this court to consider the issues raised. The exemption was not denied on either ground raised in support of this position. Hooper does not have standing to challenge the statute on the due process grounds of vagueness raised, and we decline to issue an advisory opinion on the matter. *Advance Loan Co. v. Kovach,* 79 N.M. 509, 445 P.2d 386 (1968); *Asplund v. Alarid,* 29 N.M. 129, 219 P. 786 (1923).

Hooper also argues that the statute fails to satisfy due process requirements because there is no rational basis to deny the tax exemption here because other veterans with fewer or less significant contacts with New Mexico could qualify. The fact that the legislature chooses to address an issue in such a manner that absolute equality is not realized does not require this court to strike the classification on due process grounds. *Albuquerque Metropolitan Arroyo Flood Control Authority v. Swinburne,* 74 N.M. 487, 394 P.2d 998 (1964).

Because we find that the statutory classification is constitutional, we need not consider the issue of severance raised by Hooper. The decisions of the Assessor and the Board are affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and NEAL, J., concur.