816 P.2d 494

Clarence Lyle THOMPSON and Tomada Enterprises, Inc., Plaintiffs–Appellants,

v.

McKINLEY COUNTY, et al., Defendants–Appellees.

No. 19119.

Supreme Court of New Mexico.

Aug. 20, 1991.

Robert W. Ionta, Gallup, for plaintiffs-appellants.

R. David Pederson, Gallup, for defendant-appellee McKinley County.

James L. Parmelee, Jr., Gallup, for defendant-appellee City of Gallup.

## OPINION

BACA, Justice.

Clarence Thompson and Tomada Enterprises, Inc., plaintiffs below and owners of retail liquor establishments with drive-up windows, appeal the dismissal of their complaint against McKinley County and the city of Gallup in an action seeking to declare unconstitutional NMSA 1978, Section 60–7A–1(F) (Cum.Supp.1990, as amended 1991 N.M.Laws, ch. 255).[1] That subsection of the Liquor Control Act, NMSA 1978, Sections 60–3A–1 to –8A–19 (Repl.Pamp. 1987 & Cum.Supp.1990, as amended 1991 N.M.Laws, ch. 255), provides for an election in eligible counties on the question: "Shall a retailer or dispenser be allowed to sell or deliver alcoholic beverages at any time from a drive-up window?" An eligible county is defined as one "that, according to motor vehicle statistics reported to the state highway and transportation department during the years 1985 and 1986, convicted more than twenty-five persons for each one thousand licensed drivers of driving while intoxicated offenses." § 60–7A–1(F).[2]

We consider the following constitutional issues: (1) Whether the statute is prohibited special legislation; (2) whether it creates a classification in violation of equal protection; and (3) whether it violates the constitution because the subject of the law is not set forth in its title, and we affirm.

## I. IS THE STATUTE PROHIBITED SPECIAL LEGISLATION?

Article IV, Section 24 of the New Mexico Constitution prohibits special legislation "where a general law can be made applicable." It does not exclude special legislation, however, when a law is required and general legislation cannot apply. *Albuquerque Metro. Arroyo Flood Control Auth. v. Swinburne,* 74 N.M. 487, 491, 394 P.2d 998, 1000 (1964).

The purpose and meaning of Article IV, Section 24, are aligned closely with those of the equal protection provisions in the United States and New Mexico Constitutions. *Board of Trustees of Las Vegas v. Montano,* 82 N.M. 340, 343, 481 P.2d 702, 705 (1971). Thus, we give great weight to the legislature's classification: "Only if a statutory classification is so devoid of reason to support it, as to amount to mere caprice, will it be stricken down." *Id.; see also Keiderling v. Sanchez,* 91 N.M. 198, 199, 572 P.2d 545, 546 (1977) ("The evil inherent in *special* legislation is the granting to any person or class of persons, the privileges or immunities which do not belong to all persons on the same terms.").

Our initial consideration is whether the legislation is special or general:

A special law is generally defined as legislation written in terms which makes [sic] it applicable only to named individuals or determinative situations. In contrast a law is considered *general* in nature if the subject of the statute may apply to, and affect the people of, every political subdivision of the state.

*Keiderling,* 91 N.M. at 199, 572 P.2d at 546; *accord State v. Atchison, T. & S.F. Ry.,* 20 N.M. 562, 151 P. 305 (1915).

At issue in *Atchison, Topeka & Santa Fe Ry.* was whether a statute classifying

---

1. *R & C, Inc. v. San Juan County,* No. 19,140, originally was consolidated with the instant case on appeal. That appeal was dismissed, however, following amendment to Section 60–7A–1(F) that effectively removed San Juan County from the definition of eligible counties. *See* 1991 N.M.Laws, ch. 255.

2. The 1991 amendment changed the time period used to define an eligible county from "during the years 1984 through 1986" to "during the years 1985 and 1986."

Bernalillo and San Miguel counties as first class counties, when read together with a separate statute levying a special tax on first class counties, violated the constitution. No provisions had been made for any other counties to become first class, or for Bernalillo or San Miguel to change their status; the statute made no allowance for changes in circumstances. *Id.* at 566, 151 P. at 306. The court found the statute unconstitutional special legislation, stating: " 'A law may be made to apply to conditions existing at the time the law is enacted, but it must also apply to similar conditions in the future.' " 20 N.M. at 570, 151 P. at 307 (quoting *Codlin v. Kohlhousen*, 9 N.M. 565, 572, 58 P. 499, 501 (1899)).

Appellee contends that Section 60–7A–1(F) is a general law, arguing the classification made by the statute is reasonable and applies to all members of the class equally.[3] Appellee further asserts that the mere fact that the class is defined temporally[4] is not a bar to its validity, citing authority upholding "grandfather" laws that create different classes based on differing treatment of a group otherwise similarly situated because it existed prior to certain legislation. *See, e.g., State v. Spears*, 57 N.M. 400, 259 P.2d 356 (1953) (real estate brokers licensed under old law permitted to continue to practice without taking examination); *Davy v. McNeill*, 31 N.M. 7, 240 P. 482 (1925) (irrigation ditches created before new law exempt from changed regulatory scheme).

Each law must be evaluated on its own special circumstances. *Atchison, T. & S.F. Ry.*, 20 N.M. at 568, 151 P. at 306; *Keiderling*, 91 N.M. at 200, 572 P.2d at 547. The "grandfather" law cases sanction legislation that creates rational classes based on time where the class is closed because of unique circumstances based on time—for example, in *Spears* a class of brokers was not subject to examination because they were already lawfully pursuing their occu-

pation. They were not similarly situated to the class of prospective brokers; they had invested resources in their calling and possessed vested rights recognized by law, rather than a "mere hope or expectation." 57 N.M. at 409, 259 P.2d at 362.

In the instant case, on the other hand, the classification based on time closes the class arbitrarily—it " 'serve[s] to prevent the future general operation of the laws, and thus ma[kes] those laws special, whether they were general in form or not.' " *Atchison, T. & S.F. Ry.*, 20 N.M. at 570, 151 P. at 307 (quoting *Codlin*, 9 N.M. at 572, 58 P. at 501). The reason proffered for the validity of the law—the need to control distribution of alcohol when driving while intoxicated becomes a serious problem—is not limited only to the years 1985 and 1986. This law, like those at issue in *Atchison, Topeka & Santa Fe Ry.* and *Keiderling*, is specific and applies only to McKinley County, allowing for no contingencies based on changing circumstances to either expand or contract the class.

■ This analysis, however, does not end our inquiry. Special legislation is constitutional if special rather than general legislation is appropriate.

> There is nothing in the Constitution which would invalidate a legislative act merely because it is special in character provided a local situation exists which under particular facts makes a general law inapplicable.

*Swinburne*, 74 N.M. at 491, 394 P.2d at 1000.

In *Montano*, we considered whether special legislation aimed at one land grant was unconstitutional:

> Although there are unquestionably basic likenesses in the nature of all community land grants in New Mexico, there are also differences, such as their geographic locations, the times of their origin, the laws and governments under which they were created, the forms of

---

3. Appellee errs in defining the class as voters in counties with the specified conviction rate during the given years. The class is the counties that meet the legislative condition of the rate of convictions that are then subject to an election.

4. The statute defines the class by limiting eligible counties to those with twenty-five driving while intoxicated convictions per thousand licensed drivers *during the years 1985 and 1986.*

government and administration under which they developed and were controlled, etc. The fact that they may be susceptible to a uniform system of government, management or control does not require legislative enactment of a general law in this regard applicable to all community grants.

82 N.M. at 342–43, 481 P.2d at 704–05.

Appellants assert that a general law can be made applicable—the legislature could have banned drive-up windows statewide.[5] They argue that, although McKinley County may have a higher alcohol abuse rate than other areas in the state, the existence of drive-up windows is not uniquely related to those rates. In other words, there has been no showing that drive-up windows contribute to alcohol abuse to a greater extent in McKinley County than anywhere else in New Mexico, and thus, no reason has been shown to justify regulation of drive-up windows in McKinley County.[6]

■ Alcoholism and the problems associated with alcohol and driving undoubtedly are common to all counties in our state. Nonetheless, the legislature decided that the problem in McKinley County required special attention and measures. The court below determined this special attention was warranted. That finding is supported by the evidence, and we hold that the special character of the circumstances in McKinley County warrants special legislation.[7] The legislature rationally could have determined that the unique location of McKinley County—near large reservations for Native Americans where alcohol is not sold and by a major interstate highway—and the comparatively large number of alcohol-related health problems and deaths, including those related to driving, in McKinley County, required special remedial measure.

Moreover, the legislature rationally could have determined that the ease with which alcohol could be purchased at drive-up windows related to the problems associated with alcohol. Evidence was presented to support the conclusion that drive-up windows contribute to the problems associated with alcohol, particularly those related to drinking and driving. Thus, there is a reasonable relationship between the statute, which places the question of keeping the windows before the electorate, and the evil it is designed to prevent. No special showing that drive-up windows in McKinley County contributed to the problems to a greater extent than elsewhere was needed. It is not a particular problem with the windows that justifies special legislation—regulation of drive-up windows is appropriate because the drive-up windows were shown to contribute to a unique alcohol problem in McKinley County.

These special features that make general legislation inappropriate to deal with the particular problems make Section 60–7A–1(F) constitutional special legislation.

## II. DOES THE STATUTE VIOLATE EQUAL PROTECTION?

Appellants maintain that Section 60–7A–1(F) violates the equal protection clauses contained in the fourteenth amendment to the United States Constitution and in Article II, Section 18 of the New Mexico Constitution because it creates classifications that are unreasonable, that do not relate to the

---

5. Appellants overstate the argument when they consistently complain of the regulation of drive-up windows. The law does not require drive-up windows to be closed or their operation limited; it merely authorizes a local election. More accurately, we interpret appellant to suggest that the legislature could have required a statewide referendum or statewide local options elections.

6. Appellants have also argued that Section 60–7A–1(F) is unconstitutional because it authorizes only one election, whereas subsection (E) (Sunday sales) and NMSA 1978, Section 60–5A–1 (Repl.Pamp.1987) (total prohibition) allow more than one, under certain circumstances. Appellant has not shown, nor do we believe, that the legislature cannot authorize different remedies for different perceived evils.

7. Appellant asserts the court erred in failing to make a finding of fact that general legislation could not be made applicable. We have reviewed the findings, however, and construe the court's findings regarding the unique character and problems of McKinley County as a finding that a general law could not be made applicable. *See Arnold v. Ford Motor Co.,* 90 N.M. 549, 551, 566 P.2d 98, 100 (1977) ("failure of the court to use the specific words * * * does not change the clear meaning of the court's findings").

statutory purpose, and that are not based on real differences.

We apply minimum scrutiny and the rational basis test when reviewing social and economic legislation. *Richardson v. Carnegie Library Restaurant, Inc.*, 107 N.M. 688, 693, 763 P.2d 1153, 1158 (1988). Under that analysis, legislation is presumptively valid. *Id.* The plaintiff bears the burden to show that challenged legislation is "clearly arbitrary and unreasonable." *Id.* Equal protection does not prohibit rationally-based legislative classifications. *Martinez v. State*, 108 N.M. 382, 772 P.2d 1305 (1989).

> Only when a statutory classification is so devoid of rational support or serves no valid governmental interest, so that it amounts to mere caprice, will it be struck down under the rational basis test.

*Richardson*, 107 N.M. at 693, 763 P.2d at 1158; *see also City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3253, 87 L.Ed.2d 313 (1985) ("The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.").

Applying these standards, Section 60–7A–1(F) passes equal protection muster. The state has an interest to police the highways and protect the health and welfare of our citizens, and that interest is implicated by alcohol abuse, particularly in McKinley County. The legislature determined that a local election to determine whether drive-up windows should be eliminated would further that interest. We will not second guess the legislature, "but rather will uphold the statute if any state of facts reasonably can be conceived that will sustain the challenged classification." *Richardson*, 107 N.M. at 693, 763 P.2d at 1158. We find the legislature's classification reasonable, for many of the reasons discussed in Section I of this opinion.

Nor is the means of creating the classification fatal. In Section I, we determined that, although the legislation is special, it is appropriately so in light of the unique character of McKinley County. Unlike *State v. Sunset Ditch Co.*, 48 N.M. 17, 145 P.2d 219 (1944) (which, in any case, is based on an outmoded equal protection analysis), although a limited time frame is used to create the class, the class is not based wholly on temporal considerations. The question is whether the classification is rationally related to a legitimate state interest. Because McKinley County possesses unique characteristics that foster its excessive alcohol problems, as demonstrated by the factors used to create the class, the law does not treat similarly situated groups differently.

## III. IS THE SUBJECT OF THE STATUTE INADEQUATELY SET FORTH IN ITS TITLE?

Appellants argue that Section 60–7A–1(F) violates Article IV, Sections 15 and 16 of the New Mexico Constitution. Article IV, Section 16 requires that "[t]he subject of every bill shall be clearly expressed in its title." The title of the bill amending Section 60–7A–1(F) of the Liquor Control Act states:

> AN ACT RELATING TO ALCOHOLIC BEVERAGES; AMENDING A SECTION OF THE LIQUOR CONTROL ACT TO AUTHORIZE LOCAL ELECTIONS TO LIMIT THE HOURS OF BUSINESS FOR SALE OF ALCOHOLIC BEVERAGES FROM DRIVE–UP WINDOWS IN CERTAIN CLASS B COUNTIES; DECLARING AN EMERGENCY.

1989 N.M.Laws, ch. 332.

The bill as originally proposed called for an election to determine whether the hours of operation for drive-up windows should be limited. It was amended to its current form, which instead called for an election to determine the outright elimination of the windows. Appellants argue that, because the amendment may pertain to other than Class B counties and calls for elections to prohibit sales, it is unconstitutional.

> [T]he true test of the validity of a statute under this constitutional provision is: Does the title fairly give such reasonable notice of the subject-matter of the statute itself as to prevent the mischief intended to be guarded against?

*State v. Ingalls,* 18 N.M. 211, 219, 135 P. 1177, 1178 (1913).

> The mischief to be prevented [i]s hodge-podge or log-rolling legislation, surprise or fraud on the legislature, or not fairly apprising the people of the subjects of legislation so that they would have no opportunity to be heard on the subject. In applying this test, every presumption is indulged in favor of the validity of the act.

*Martinez v. Jaramillo,* 86 N.M. 506, 508, 525 P.2d 866, 868 (1974) (citations omitted); *see also State v. Jimenez,* 84 N.M. 335, 337, 503 P.2d 315, 317 (1972) (question is whether act "gives adequate notice").

We hold that the title of the act is not unconstitutionally misleading. It fairly gave reasonable notice of the subject matter of the bill—to allow local elections to determine the fate of drive-up windows vending alcohol. Although the title is not *exactly* descriptive of the eventual amendment, exactitude is not required. Elimination of the windows constitutes a limitation on their hours; the title would alert a legislator or member of the public interested in drive-up windows in McKinley County to the substance of the bill. More is not required.

Appellant also raises an issue regarding Article IV, Section 15. Our review indicates that the bill was not amended in the legislature to the extent that its purpose was changed.

Appellants' final argument is that the court erred in failing to find material facts in their favor. Our review of the record indicates that the court made findings on the material issues; those findings are supported by the evidence in the record, and they support the court's conclusions and judgment.

In accordance with the foregoing, we affirm the judgment of the district court.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.