Statement.

# Wytheville.

## JACKSON v. COMMONWEALTH.

### JULY 22, 1899.

#### Absent, Riely, J.

1. HOMICIDE — *Presumptions—Murder—Manslaughter—Burden of Proof.*— Every homicide in Virginia is presumed to be murder of the second degree. In order to elevate the offence to murder of the first degree the burden of proof is on the Commonwealth, and to reduce it to manslaughter the burden is on the accused. But to reduce the offence to manslaughter it is not necessary for the accused to show that before the mortal wound was given he had declined further combat and retreated as far as he could with safety. This would entitle him to an acquittal.

2. ERRONEOUS INSTRUCTIONS—*Presumption—Harmless Error.*—All error is presumed to be prejudicial, and only in extreme cases, where it clearly appears that no injury could have resulted, will this court refuse to set aside a verdict rendered on erroneous instructions.

Error to a judgment of the Circuit Court of Pulaski county, rendered at its March term, 1899, on a writ of error to a judgment of the County Court of said county, whereby the plaintiff in error was adjudged to be guilty of murder of the second degree and sentenced to confinement in the penitentiary for seven years.

*Reversed.*

The opinion states the case.

*T. L. Massie* and *Wysor & Gardner*, for the plaintiff in error.

*Attorney-General A. J. Montague*, for the Commonwealth.

KEITH, P., delivered the opinion of the court.

Jackson was found guilty of murder in the County Court of Pulaski county, and his term of imprisonment ascertained at seven years. During the trial, exceptions were taken to the ruling of the court in giving and refusing instructions, and to its judgment overruling the prisoner's motion for a new trial upon the ground that the verdict was contrary to the law and the evidence. The judgment of the County Court was affirmed by the Circuit Court. From that judgment a writ of error was allowed, and the case is now before us.

The tenth instruction given by the court at the trial is as follows:

" The court instructs the jury that if they shall believe from the evidence that there was a quarrel between the prisoner and the deceased, and that both were at fault, and, as a result of such quarrel, a combat took place, and in such combat the prisoner killed the deceased, in order to reduce the offence of the prisoner from the degree of murder, two things must appear from the evidence and circumstances of the case: (1) That before the mortal wound was given the prisoner declined further combat and retreated as far as he could with safety; and (2) that he necessarily killed the deceased in order to save his own life, or to protect himself from great bodily harm."

In the first branch of this instruction the jury are correctly told " that if they believe from the evidence that there was a quarrel between the prisoner and the deceased, and that both were at fault, and as a result of this quarrel a combat took place in which the prisoner killed the deceased," the homicide was murder in the second degree. It then proceeds to instruct the jury that in order to reduce the offence from the degree of murder, it must appear from the evidence that before the mortal

wound was given the prisoner retreated as far as he could with safety in order to save his own life, or protect himself from great bodily harm. In the second branch of this instruction we think there is error.

In the third instruction given by the court, the jury were told that " every homicide in Virginia is presumed to be murder in the second degree. In order to elevate the offence to murder of the first degree, the burden of proof is upon the Commonwealth; and to reduce the offence to manslaughter, the burden of proof is upon the prisoner."

In the tenth instruction, in order to reduce the offence below the degree of murder, the prisoner was required to prove circumstances, which would have entitled the prisoner to a verdict of acquittal; thus informing the jury that they could not find the prisoner guilty of manslaughter without proof of facts and circumstances sufficient to relieve him from all responsibility for the crime with which he was charged. It thus appears that the general proposition correctly stated in the third instruction is inconsistent with, and is indeed contradicted by, the more specific statement of the law presented in the instruction under consideration.

Having reached the conclusion that the tenth instruction is erroneous, it only remains to be considered whether or not it was prejudicial to the prisoner.

It has been said by this court that all error is presumed to be prejudicial, and while it has approved verdicts rendered upon erroneous instructions, it does so with great caution, and only where it clearly appears that no injury could have resulted from the error. A lawyer reading the instructions in this case would scarcely be misled by them, but instructions are given to jurors because they are not lawyers. They are given to aid the jury in reaching a right conclusion, and not in order to exercise their skill in reconciling contradictory propositions.

Opinion.

For these reasons we are of opinion that the court erred in giving the tenth instruction, and for this error the judgment of the Circuit Court must be reversed; and, as there must be a new trial, we deem it inexpedient to express any opinion upon the evidence.

*Reversed.*