# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

DOUGLAS WOLFE *v.* COMMONWEALTH OF VIRGINIA.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*H. E. Widener* and *Ralph L. Lincoln*, for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

The plaintiff in error, Douglas Wolfe, was indicted, tried and found guilty of the offense charged, and was sentenced to serve a term of four and a half years in the State penitentiary. The words of the indictment in part are: "did unlawfully and feloniously steal, take and carry away five export cattle of the value of $300, of the goods and chattels of one Mrs. M. M. Miles, then and there being found, against the peace and dignity of the Commonwealth of Virginia."

The gravamen of Wolfe's complaint is that he was tried and convicted upon the charge of grand larceny when he should have been tried upon the specific charge of stealing cattle.

The matter is of serious moment to him because under the former offense he was faced by a maximum penalty of ten years imprisonment while under the latter the maximum is five years. It is germane because the trial court's instructions to the jury, on this phase of the subject, were based on the crime of grand larceny which carried the larger term of imprisonment.

Of course, the accused denied guilt of any crime, and it may be appropriate to say that three other persons were jointly indicted with him, two of whom were tried and acquitted and the case against one was *nolle prossed*.

The crime was alleged to have occurred on June 10, 1934.

The statute which was in force at that time, and under which the indictment and trial were had, was section 4440 of the Code of Virginia of 1930. It is as follows:

*"GRAND AND PETIT LARCENY DEFINED; HOW PUNISHED; LARCENY OF HORSE, MULE, ASS, COW, STEER, BULL, OR CALF; HOW PUNISHED.*—If any person steal from the person of another money or other thing of the value of five dollars or more he shall be deemed guilty of grand larceny and be confined in the penitentiary not less than one nor more than ten years. If any person commit simple larceny not from the person of another of goods and chattels he shall if they are of the value of fifty dollars or more be deemed guilty of grand larceny and be confined in the penitentiary not less than one nor more than ten years; and if they be of less value than five dollars in the first case or fifty dollars in the last he shall be guilty of petit larceny and shall be punished by confinement in jail not less than ten days nor more than twelve months or by fine not less than five nor more than one hundred dollars, or both. But any person who shall be guilty of the larceny of a horse, mule, or ass shall be punished by confinement in the penitentiary not less than three nor more than eighteen years; and any person who shall be guilty of the larceny of a cow, steer, bull, or calf, shall in the discretion of the jury be confined in the penitentiary not less than one nor more than five years or be confined in jail not exceeding twelve months and fined not exceeding five hundred dollars."

It will be observed that this statute defines and fixes the punishment for the two crimes of grand and petit larceny, and it also provides for the punishment of two other separate and distinct crimes and fixes their punishments, the one being the larceny of a horse, mule, or ass which carries the punish-

ment of imprisonment for not less than three nor more than eighteen years, and the other being the larceny of a cow, steer, bull, or calf, with the punishment of imprisonment for not less than one nor more than five years, etc.

If the provisions of the statute should seem incongruous, still they have the force and effect of * * * legislative enactment and persons affected have the right to rely upon their enforcement.

In short the legislature has seen fit to make cattle-stealing a special crime with a special punishment and a person charged with the commission of this crime may not be forced to answer for any other.

It is of no moment that the singular article "a" appears before the names of the animals embraced for it has been held that the article does not necessarily denote the singular. See *National Union Bank* v. *Copeland*, 141 Mass. 257, 4 N. E. 794; section 5 of the Code of Virginia, sub-section 13.

The instructions of the trial court based upon the crime of grand larceny put before the jury the suggestion of a maximum punishment of ten years imprisonment. The accused properly objected to this. He had a right to have the atmosphere of his trial free from an erroneous view of the character of the crime and the extent of its punishment. The instructions granted on this subject were erroneous. All error is presumed to be prejudicial, this was doubtless actually so. See *Jackson* v. *Commonwealth*, 97 Va. 762, 33 S. E. 547; *Richmond, etc., Co.* v. *Allen*, 101 Va. 200, 43 S. E. 356; *Hummer* v. *Commonwealth*, 122 Va. 826, 94 S. E. 157.

As to the specific crime with which we are concerned, the value of the property stolen is not the measure of the offense. We need not discuss the other assignments of error as in the view we have taken they are not likely to be again of concern. The judgment of the trial court is reversed and the case is remanded to the court from which it comes to be further dealt with as the attorney for the Commonwealth may be advised, not inconsistent with the views herein expressed.

*Reversed and remanded.*