# CIRCUIT COURT OF THE CITY OF NORFOLK

Robert Hollowell

v.

Virginia Marine
Resources Commission

April 3, 2009

Case No. (Civil) CL08-3953

BY JUDGE JOHN R. DOYLE, III

Appellant, Robert Hollowell, seeks judicial review, pursuant to Va. Code § 28.2-215 and the Administrative Process Act ("APA"), Code of Virginia §§ 2.2-4000 *et seq.*, of the Virginia Marine Resources Commission's (VMRC) regulatory action 4VAC20-1140-10 *et seq.* (the "season closing regulation") (Agency Record, 1, 2), adopted by the VMRC on April 22, 2008, and effective April 30, 2008.

*Procedural History*

On May 22, 2008, Hollowell filed a notice of appeal with the VMRC. The Petition was filed with this Court and served on the Secretary of the VMRC on June 23, 2008.

A Motion to Dismiss the Petition for Appeal was resolved by the parties and resulted in an Amended Petition being filed by agreement. The preliminary pleadings and proposed briefing schedule were approved by order

of this Court on November 24, 2008. (In addition, Hollowell sought intermediate relief pursuant to Virginia Code § 2.2-4028, and his pleading was styled as a Motion for Temporary Injunction. After a hearing on November 24, 2008, the Court denied relief, finding that Hollowell did not establish there was probable cause to anticipate a likelihood of reversible error.) The VMRC timely filed its Answer to Hollowell's Amended Petition for Appeal on December 3, 2008.

The briefing schedule mandated that Hollowell's Opening Brief be filed by December 29, 2008, the Commission's Response Brief be filed by January 19, 2009, and Hollowell's Reply Brief be filed by February 2, 2009, which date was extended by agreement of the parties to February 6, 2009. By letter of February 17, 2009, the Court inquired of the parties whether they desired oral argument or wished to waive oral argument. By agreement of the parties, oral argument was held on March 25, 2009.

### Question Presented

Does the regulation entitled "Prohibition of Crab Dredging in Virginia Waters, Chapter 4VAC20-1140-10 *et seq.*" exceed the scope of authority granted to the Virginia Marine Commission by Virginia Code § 28.2-707?

### Factual Background

The "season closing regulation" was issued pursuant to the authority given the VMRC by Va. Code § 28.2-707(D). That subsection reads as follows:

> D. It is unlawful to use a dredge for catching crabs between April 1 and December 1; however, the Commission, when in its judgment it is advisable due to weather conditions or for purposes relating to the conservation of the blue crab and it is not contrary to the public interest, *may close a season in its entirety*, may open any season as early as November 16, may delay opening any season, may extend any season until April 16 and may close any season early.

(Emphasis added.)

This statute has the effect of legalizing the dredging of crabs for the period from December 1 until March 31 absent action by the VMRC as delineated by the statute. Thus this annual period is referred to as "crab-dredging season."

The regulation issued in April of 2008 by the VMRC states in pertinent part that:

A. The season for dredging crabs is closed.

B. It shall be unlawful for any person to use a dredge for catching crabs from the waters of the Commonwealth.

Part C of the regulation repeals certain regulations that pertain to the dredge fishery or activities associated with crab dredging.

In its brief and reiterated in oral argument, the VMRC takes the position that the regulation prohibits dredging crabs from December 1 until March 31. The VMRC's position is that this prohibition is not limited to the period of December 1, 2008, through March 31, 2009, but applies to subsequent years as well.

Hollowell contends pursuant to Virginia Code § 2.2-4027(ii) that Virginia Code § 28.2-707(D) only grants the VMRC the authority to prohibit dredging for crabs for one period of December 1 through March 31 at a time. Hollowell does not question the science behind the regulation. Further, Hollowell agrees with the VMRC that the regulation read as a whole prohibits the dredging of crabs for an indefinite period of time. However, Hollowell argues that the effect of the regulation is to eliminate the winter crab-dredging fishery.

*Analysis*

The question presented is one of statutory construction and determination of whether the regulation complies with or exceeds the authority granted to the VMRC by the General Assembly. Pure statutory construction, a matter within the core competency of the judiciary, requires *de novo* review. *Citiland, Ltd. v. Commonwealth*, 45 Va. App. 268, 275, 610 S.E.2d 321, 324 (2005).

A. *The Statute*

The interpretation of Virginia Code § 28.2-707(D) depends first upon the interpretation of the word "season."

"Season" is defined as a "period of the year." *Webster's Unabridged Dictionary*. Common uses, such as baseball season, holiday season, deer hunting season, readily come to mind. These seasons are recurrent in that they

occur annually the same time of the year. The fact that the term refers to a recurrent period does not make it plural. The occurrence comes in the singular; the periodic repetition of the occurrence results in the plural.

In the first sentence of their brief, the VMRC states, "*Pursuant to Code § 28.2-707, the Commission is authorized to close **the** season to use a dredge for catching crabs*" (emphasis added). However, the wording of the Code Section refers to closing "*a* season," not "*the* season." The word "a" is an indefinite article defined as *not any particular or certain one of a class or group. Webster's.* The General Assembly's use of the word "a" to modify "season" defines "season" as one of a group of occurrences. This indicates an intention to allow the VMRC to close a to-be-identified individual season from the group of future seasons.

The VMRC points to Virginia Code § 1-227 as redefining "a" and "season" as either singular or plural, but, as the cited case *Wolfe v. Commonwealth*, 167 Va. 486, 189 S.E.2d 320 (1937), illustrates, this is to ensure that statutes, such as one that makes stealing "a cow" a felony with a specific punishment, are not construed to mean that an indictment for stealing five cows is brought pursuant to a different statute with a greater penalty. Section 1-227 should not be read as robbing words of their common definition and use within the English language. Such an interpretation would inject ambiguity where none was intended.

Had the General Assembly intended to give the VMRC unlimited power to prohibit crab dredging for multiple seasons at a time without the necessity of further action or public hearings, it could have done so in very plain simple language using modifiers that would have given that meaning, such as "multiple seasons," "series of seasons," "up to five consecutive seasons," etc. Of course the General Assembly also could have simply allowed the VMRC to "prohibit crab dredging for whatever period of time . . ." without any reference to a season, but that is not what the law provides. This makes sense in that the limitation of the VMRC's power to close one annual season at a time only serves to require annual review and annual Commission action. It still allows for multiple consecutive seasons to be closed within that administrative framework.

Moreover, this Statute allows the VMRC to essentially create a criminal offense, dredging for crabs from December 1 to March 31. Thus, it should be strictly construed against the Commonwealth, here the VMRC.

The Court holds that Virginia Code § 28.2-707 gives the VMRC the authority to close any individual one of the annually occurring crab-dredging seasons.

B. *The Regulation*

Having defined the authority Virginia Code § 28.2-707 gives to the VMRC, we now turn to the question whether the regulation exceeds the scope of that authority. The substantive part of the regulation is contained in 4VAC20-1140-20. This chapter is entitled "Crab Dredging Prohibited" and is comprised of three sections, A through C.

As this regulation creates a criminal offense, it must be strictly construed against the Commonwealth. *Wade v. Commonwealth*, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960).

### 1. *4VAC20-1140.20.A*

As referenced above, 4VAC20-1140.20.A (Section A) states: "The season to use a dredge for catching crabs is closed."

The word "the" is defined as a definite article that is used before a noun with a specifying or particularizing effect as opposed to the indefinite article "a". *Webster's*. The regulation substituted the definite modifier "the" in place of the indefinite modifier "a" of the statute in order to specify that a particular season is being closed. Given the above-discussed definition of "season" as one of a group of annual events, the phrase "the season . . . is closed" in the present tense refers to the upcoming season. Thus, Section A closes an individual season, the current upcoming season. Virginia Code § 28.2-707(D) allows for this action by the VMRC.

### 2. *4VAC20-1140-20.B*

4VAC20-1140-20.B (Section B) states: "It shall be unlawful for any person to use a dredge for catching crabs from the waters of the Commonwealth."

The VMRC argues that Section B simply states the obvious: that it is unlawful to dredge crabs during a time period when the season is closed. However, there is a separate "Penalty" clause (4VAC1140-30) included within the body of the regulation (as well as in the Virginia Code). Moreover, Section B does not refer to a penalty for violating Section A or refer to Section A in any other way. Section B stands on its own and prohibits conduct: crab-dredging. It is a blanket prohibition with no reference to any time limitation whatsoever. In that sense, section B trumps Section A because it serves to expand the prohibition of crab dredging beyond the upcoming season and indefinitely into the future. No code section vests the VMRC with such authority.

By virtue of the inclusion of Section B, the regulation exceeds the authority granted by Virginia Code § 28.2-707 in that 4VAC20-1140-20.B prohibits crab dredging indefinitely beyond the period of December 1, 2008, through March 31, 2009.

Even if one accepts the position of the VMRC that Section B is mere surplusage that only states the obvious effect of Section A, then Section B is unnecessary and confusing to such an extent that it should be struck so as to leave no doubt for watermen and the public as to what conduct the regulation prohibits. This is especially important because this regulation has no sunset clause and creates a criminal offense. Watermen need to know clearly each December 1st whether it is legal or illegal to use a dredge to catch crabs.

The Court thus will enter an Order that 4VAC20-1140-20.B be set aside and will remand the matter to the VMRC to amend the regulation by striking the current version of 4VAC20-1140-20.B and instead clarifying that 4VAC20-1140-20.A pertains only to the December 1, 2008, through March 31, 2009, season.

The VMRC is free to take whatever administrative actions it deems necessary regarding future crab-dredging seasons in order to protect the blue crab population in the Chesapeake Bay. Such action, however, will require review, public comment, and the issuance of new regulations on an annual basis.